543 P.2d 1146

The STATE of Arizona ex rel. Joe R. PUR-
CELL, Phoenix City Attorney,
Petitioner,

v.

The CITY COURT OF the CITY OF PHOEN-
IX, Arizona, and the Honorable Herbert
Danz, judge thereof, and Regina ELDER,
Defendant and Real Party In Interest, Re-
spondents.

No. 12339.

Supreme Court of Arizona,
En Banc.

Dec. 24, 1975.

Joe R. Purcell, City Atty., by Donald P.
Williams, Asst. City Atty., Phoenix, for
petitioner.

Ross P. Lee, Maricopa County Public
Defender by Richard E. Mesh, Deputy
Public Defender, Phoenix, for respondents.

HAYS, Justice.

We accepted this petition for special ac-
tion to determine whether the City Court
of the City of Phoenix exceeded its juris-
diction by its decision to hear the merits of
a motion in limine filed by respondent Eld-
er.

On September 24, 1975, Regina Elder
was arraigned in the City Court of the
City of Phoenix on the charge of a viola-
tion of § 23–55(A) of the Phoenix City
Code. She entered a plea of not guilty
and the case was scheduled for a pretrial
disposition conference on October 10, 1975.
On October 10, 1975, the case was sched-
uled for trial on November 3, 1975. Re-
spondent Elder made a motion for discov-
ery on October 22, 1975, and filed a motion

in limine on October 23, 1975. The motion for discovery was denied on October 28, 1975. On October 31, 1975, the City Court decided that the motion in limine was timely filed and that it was within the exercise of its judicial discretion to hear and determine the motion on its merits at the time set for trial.

This court is asked to determine whether Rule 15 and Rule 16 apply to proceedings in the Phoenix City Court. Rule 1.1, Rules of Criminal Procedure, states that "[t]hese rules shall govern the procedure in all criminal proceedings in all courts within the State of Arizona . . . ." The comment to Rule 1.1 indicates that the rules "are to govern non-record courts unless specifically stated otherwise in a particular rule." Despite the foregoing comment, the rules do not set forth specific exceptions in areas where obviously they cannot be applied, i. e., Rule 12, Rules of Criminal Procedure. Most of the provisions of the Rules are in this category.

Respondent Elder urges this court to consider the fact that she has no right to a trial de novo in superior court under the Rules of Procedure for Appeals to Superior Court from the Final Judgment of a Justice or Police Court, Volume 17A, ARS (1975 Pocket Parts). As a result, under the present limitation of Rule 15.1, Rules of Criminal Procedure, to actions in superior court, she will never be afforded an opportunity for discovery under Rule 15.1, Rules of Criminal Procedure.

At the time of the adoption of the Rules of Criminal Procedure, a defendant was entitled to appeal to the superior court from a final judgment of a justice or police court, and to proceed with a trial de novo. As of March 1, 1975, a defendant is limited to an appeal to superior court on issues of law only, where a transcript of record or a statement under Rule 7(b), Rules of Procedure for Appeals to Superior Court from the Final Judgment of a Justice or Police Court has been made. A defendant in a justice or magistrates court matter falling within Rule 1(a), Rules of Procedure of Appeals to Superior Court from a Final Judgment of a Justice or Police Court, is therefore afforded no opportunity at the present time to make discovery under Rule 15.1, Rules of Criminal Procedure.

■ Respondent Elder made a motion for discovery and a motion in limine in the Phoenix City Court. We hold that she is entitled to discovery as a matter of fairness and not under the specific provisions of Rule 15 or Rule 16, Rules of Criminal Procedure. Where the defendant is not entitled to a trial de novo on appeal, the spirit of the Rules of Criminal Procedure must be applied to ensure fairness to the parties. The local rules of the forum should provide the method and time limitations on the exercise of discovery rights. In the absence of such rules, the court may exercise its reasonable discretion in providing for discovery in specific cases.

We further hold that the Phoenix City Court may hear the merits of the motion in limine filed by respondent Elder.

■■ Our decision in this matter in no way affects our decision in *State ex rel. Berger v. Justice Court of Northeast Phoenix Precinct*, 112 Ariz. 24, 536 P.2d 1042 (1975). The Rules of Criminal Procedure do not provide for full discovery at the preliminary hearing stage nor do the requirements of fairness. Furthermore, our decision in the instant case is to have prospective application only.

This matter is remanded to the Phoenix City Court for further proceedings consistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and GORDON, J., concur.

HOLOHAN, J., dissents.