625 P.2d 362

The STATE of Arizona, Petitioner,

v.

The Honorable Barry DeROSE, Judge of the Superior Court, Division I, in and for the County of Gila,

and

Joe Paul Cruz, Real Party in Interest, Respondents.

No. 2 CA–CIV 3937.

Court of Appeals of Arizona, Division 2.

March 9, 1981.

Robert Duber II, Gila County Atty. by William L. Tifft, Town Atty., Globe, for petitioner.

Levine & Jarvi by Leslee Sloss, Scottsdale, for respondent/real party in interest.

OPINION

BIRDSALL, Judge.

The real party in interest, the defendant in pending prosecutions, invoked Rule 15.3, Rules of Criminal Procedure, 17 A.R.S., requesting the respondent court to allow him to depose a prosecution witness, the victim of the charged offenses. The motion was granted and the State has sought special action relief, claiming the respondent court abused its discretion. We believe appellate intervention is appropriate and assume jurisdiction.

Rule 15.3(a)(2) gives the court discretion to order the examination of any person except the defendant upon oral deposition when:

> "A party shows that the person's testimony is material to the case or necessary adequately to prepare a defense or investigate the offense, that he was not a witness at the preliminary hearing, and that he will not cooperate in granting a personal interview;".

The court's discretion to grant a motion for deposition under this rule may be exercised when the person sought to be interviewed is recalcitrant. *State v. Deddens*, 26 Ariz.App. 241, 547 P.2d 512 (1976). Such is not the case here. The victim-witness was not uncooperative and was interviewed for almost two hours by defense counsel. The fact that the prosecutor was present during the interview did not make the witness uncooperative as a personal interview does not mean a private interview. *State v. Deddens*, supra.

Defense counsel makes much of the fact that the witness refused to have the interview tape-recorded and that the prosecutor would not permit the defendant to be present during the interview. We have held that a witness is being uncooperative within the meaning of Rule 15.3 where the witness "attaches such conditions to an interview that it makes the situation untenable for defense counsel to discover needed material". *Kirkendall v. Fisher,* 27 Ariz. App. 210, 212, 553 P.2d 243 (1976). We do not consider the witness's objection to a tape recorder at the interview to be an improper stricture as it does not inhibit defense counsel's ability to discover needed material. The rule does not provide that the interview may be tape-recorded. If the Supreme Court had intended that a party have the right to record an interview the rules could have contained such a provision. They do not. As to the exclusion of the defendant from the interview session, defense counsel was entitled to explore the victim's version of what had occurred so as to prepare for trial. Rule 15.3(d) does not give a defendant the right to be present at a deposition to obtain discovery from an uncooperative witness. That his presence might have assisted his attorney in framing questions for the witness does not bring Rule 15.3 into play. If the defendant has no right to be present at a deposition, he could have no greater right as to an interview.

As defense counsel failed to demonstrate lack of cooperation in granting a personal interview on the part of the witness, the respondent court abused its discretion in ordering the witness to appear for a deposition. We therefore vacate the January 16, 1981, order granting the defense motion to take the witness's deposition and the subsequent orders pertaining thereto.

HATHAWAY, C.J., and HOWARD, J., concur.