629 P.2d 99

The STATE of Arizona, ex rel., Frederick S. DEAN, City Attorney for the City of Tucson, Petitioner/Appellant,

v.

CITY COURT OF the CITY OF TUCSON, The Honorable Robert Fleming, Magistrate; and Kevin Douglas Keith, real party in interest, Respondents/Appellees.

No. 2 CA–CIV 3858.

Court of Appeals of Arizona, Division 2.

May 21, 1981.

Rehearing Denied July 2, 1981.

Review Denied July 21, 1981.

Frederick S. Dean, City Atty. by Michael E. Owen, Tucson, for petitioner/appellant.

Schotland & Stuehringer by James W. Stuehringer, Tucson, for respondent/appellee Keith.

OPINION

BIRDSALL, Judge.

This is an appeal by the state from a final judgment of the superior court in a special action. The real party in interest, Keith, is charged with a misdemeanor over which the city court has jurisdiction. Keith moved to depose a police officer who is a material witness. The police officer was willing to be interviewed by Keith's counsel but refused to allow the interview to be tape-recorded. Keith's motion was granted by the city court magistrate. The state filed a special action in the superior court requesting that the deposition order be reversed. That court denied relief because "this is a matter arising in the City Court ... where Rule 15 of the Rules of Superior Court does not apply; in absence of specific rules under the Tucson City Code, discovery procedures remain in the sound discretion of the Court below and that such discretion was not abused."[1] The state appeals.

This court has jurisdiction. *See City of Tucson v. Valencia*, 21 Ariz.App. 148, 517 P.2d 106 (1973). *Cf. Baca v. Don*, Ariz. (App., 2 CA–CIV 3995, filed 4/30/81) (discusses special action jurisdiction of the Court of Appeals).

We are presented with three issues:

1) Does Rule 15.3 which provides for discovery depositions under certain circumstances and conditions apply to a criminal case in the city court?

---

1. It is clear that the court's reference to "Rule 15" is not Rule 15 of the Superior Court, but Rule 15 of the Rules of Criminal Procedure, 17 A.R.S.

2) If the rule is not applicable, may the city court grant a motion to depose a witness for discovery purposes?[2]

3) If the city court can order a deposition either pursuant to Rule 15.3 or otherwise, did the court abuse its discretion in ordering the deposition of a witness who was willing to be interviewed but refused to let the interview be tape-recorded?

In *State ex rel. Purcell v. City Court of Phoenix*, 112 Ariz. 517, 543 P.2d 1146 (1975), the Arizona Supreme Court was asked to determine whether Rule 15 and Rule 16 of the Rules of Criminal Procedure applied to city court proceedings. We interpret that opinion to hold that those specific rules do not apply to such proceedings and the superior court was correct in so ruling.

However, the *Purcell* court did hold that a criminal defendant in city court is entitled to discovery as a matter of fairness and that, in the absence of local rules of the city court, the court may exercise reasonable discretion in providing for discovery in specific cases. The court also held that, where the defendant is not entitled to a trial de novo on appeal, the spirit of the rules of criminal procedure must be applied to ensure fairness to the parties.[3] We see no reason why reasonable discretion to provide for discovery as a matter of fairness does not include ordering the discovery deposition of a witness and we hold that the city court may so order.

In order to ensure fairness to the parties the city court should be guided by the provisions of Rule 15.3 in determining whether a deposition should be ordered. That rule provides that unless other special circumstances exist, a witness who will cooperate in granting a personal interview may not be deposed. The witness in the instant appeal was willing to grant a personal interview. We held in *State v. De-Rose*, 128 Ariz. 299, 625 P.2d 362, that a witness's objection to a tape-recording of the interview did not make that witness uncooperative within the meaning of Rule 15.3.

The city court magistrate's deposition order exceeded the spirit of Rule 15.3 because it ordered broader discovery than is permissible under that rule in the superior court. We hold that ordering the deposition of a witness who is willing to grant a personal interview but objects to the tape-recording of that interview was an abuse of the magistrate's discretion. The superior court erred in finding no abuse of discretion.

Reversed and remanded directly to the Tucson City Court for proceedings consistent with this opinion.

HATHAWAY, C. J., and HOWARD, J., concur.

---

2. We are not concerned in this appeal with the deposition of a witness pursuant to A.R.S. § 13–4101 et seq. which provides for the taking of a deposition of a witness to preserve his testimony.

3. The Tucson City Court now makes a record of its proceedings under Rule 7(b), 17A A.R.S., Superior Court Rules of Appellate Procedure-Criminal, and a defendant is not entitled to a trial de novo.