651 P.2d 1196

STATE of Arizona, ex rel. Andy
BAUMERT, Phoenix City
Attorney, Petitioner,

v.

The SUPERIOR COURT OF the COUNTY
OF MARICOPA, and The Honorable
Robert A. Hertzberg, Judge thereof;
The Municipal Court of the City of
Phoenix, Arizona, and The Honorable
Gerald M. Kaplan, Judge thereof, and
Marilyn C. Schuette, Defendant and
Real Party in Interest, Respondents.

No. 15965–SA.

Supreme Court of Arizona,
In Banc.

Sept. 27, 1982.

Andy Baumert, Phoenix City Atty. by
Marvin A. Sondag, Asst. City Prosecutor,
Phoenix, for petitioner.

Henry J. Florence, Ltd. by Sherry Bell
and Goldenkoff & Gerry by Richard Gerry,
Phoenix, for respondents.

CAMERON, Justice.

This is a special action brought by the
State of Arizona from a decision by the City
of Phoenix Municipal Court which ordered a

police officer to appear, testify and fully cooperate in an oral deposition. We have jurisdiction pursuant to Rule 8, Arizona Rules of Procedure for Special Actions, 17A A.R.S.

The issue presented for review is whether the city court may require a witness to be deposed and to have the testimony memorialized by tape recorder or by other accepted methods for preserving testimony.

The events that preceded this petition for special action are as follows. On 23 October 1981, defendant-real party in interest, Marilyn Schuette, was charged with driving while under the influence of alcohol and passing a vehicle within 100 feet of an intersection. In November of 1981, Schuette filed a motion to take the deposition of Phoenix Police Officer Andrew Harrison, a material witness who had agreed to participate in an interview about the events in question but refused to allow the interview to be tape-recorded. Officer Harrison's stated reason for refusing to have the interview recorded was his desire not to be impeached at trial as had occurred on other occasions. In denying the motion, Judge Kaplan stated that he felt bound by precedent from Division Two of the Court of Appeals, *State v. City Court of Tucson,* 129 Ariz. 132, 629 P.2d 99 (App.1981), review denied 21 July 1981; *State v. DeRose,* 128 Ariz. 299, 625 P.2d 362 (App.1981); *State v. Deddens,* 26 Ariz.App. 241, 547 P.2d 512 (1976), review denied 11 May 1976.

Schuette then filed a petition for special action in the Superior Court, and Judge Hertzberg accepted jurisdiction and issued an order directing Judge Kaplan to "exercise his discretion in the matter of the use of a tape recording device by Schuette's counsel during the interview of Officer Harrison." On 12 April 1982, Judge Kaplan entered an order finding that Officer Harrison's refusal to allow the interview to be recorded was being non-cooperative within the meaning of Rule 15.3(a)(2), Arizona Rules of Criminal Procedure, 17 A.R.S., and ordered him to submit to a deposition wherein his sworn testimony would be preserved by a tape-recording device. The

State's petition for special action to this court followed.

Rule 15.3, Arizona Rules of Criminal Procedure, 17 A.R.S., reads as follows:

"Rule 15.3   Depositions

"a.   Availability.   Upon motion of any party or a witness, the court may in its discretion order the examination of any person except the defendant upon oral deposition under the following circumstances:

(1) A party shows that the person's testimony is material to the case and that there is a substantial likelihood that he will not be available at the time of trial;

(2) A party shows that the person's testimony is material to the case or necessary adequately to prepare a defense or investigate the offense, that he was not a witness at the preliminary hearing, *and that he will not cooperate in granting a personal interview;* or,

(3) A witness shows that he is incarcerated for failure to give satisfactory security that he will appear to testify at trial or hearing."   (Emphasis added.)

■ This court has held that a party is entitled to discovery in the city court

"as a matter of fairness and not under the specific provisions of Rule 15 or 16, Rules of Criminal Procedure.   * * * Where the defendant is not entitled to a trial de novo on appeal, the spirit of the Rules of Criminal Procedure must be applied to ensure fairness to the parties. * * * *"   *State ex rel Purcell v. City Ct. of City of Phoenix,* 112 Ariz. 517, 518, 543 P.2d 1146, 1147 (1975).

In the instant case, because the party could not obtain a trial de novo in the Superior Court if she did not prevail in the city court, as a matter of fairness she is entitled to take the officer's deposition. *Purcell, supra.* Even though Rule 15 does not require the deposition, Purcell, supra, the rules do provide the standard that we will apply in determining whether or not the officer was cooperating.

When our Court of Appeals first had occasion to consider whether a prosecution witness who refused to allow his pretrial testimony to be tape-recorded was non-cooperative within the meaning of Rule 15.-3(a)(2), supra, it held that the rule did not require a witness to have his testimony memorialized against the witness's wishes. *State v. DeRose,* supra. The Court of Appeals stated:

"Defense counsel makes much of the fact that the witness refused to have the interview tape-recorded and that the prosecutor would not permit the defendant to be present during the interview. We have held that a witness is being uncooperative within the meaning of Rule 15.3 where the witness 'attaches such conditions to an interview that it makes the situation untenable for defense counsel to discover needed material.' (citation omitted) We do not consider the witness's objection to a tape recorder at the interview to be an improper stricture as it does not inhibit defense counsel's ability to discover needed material. The rule does not provide that the interview may be tape-recorded." *State v. DeRose,* supra, 128 Ariz. at 300, 625 P.2d at 363.

Three months later, the same Court of Appeals reaffirmed its position in *State v. City of Tucson,* supra.

By denying review in *State v. City Court of Tucson,* supra, and *State v. Deddens,* supra, this court has added weight to the position of the Court of Appeals. We now believe that the prior decisions are incorrect.

The purpose of allowing pretrial discovery in criminal cases is based on the principle that both the prosecution and the accused should be in possession of all relevant and reasonably accessible information prior to trial. The Rules of Criminal Procedure facilitate the exchange of information between the State and an accused in order to avoid surprise, delay, and to sharpen and narrow the issues for trial. In most cases, a defendant's right to accurate information will be adequately protected by access to grand jury transcripts and examination of witnesses at preliminary hearings. Indeed, a defendant's ability to compel depositions of a specific witness is specifically precluded where that witness has testified at a preliminary hearing. Rule 15.3(a)(2), supra. In this case, no preliminary hearing was held. There was no recorded testimony of the officer available, and the defendant had to rely upon an interview in order to prepare for trial. For this purpose, a tape recording of the officer's remarks would be helpful, if not necessary, in reviewing the officer's statements prior to trial.

The State points out that Officer Harrison was willing to submit to an interview and answer any questions that defense counsel would ask. By agreeing to answer questions, the State contends, Officer Harrison would provide the defendant with all the relevant information and was not being non-cooperative by refusing to allow his remarks to be taped. We do not agree. When a material witness refuses to allow his interview to be tape-recorded or otherwise preserved, the attorney is placed on the horns of a dilemma. The attorney must rely upon the witness's testimony at trial or take the stand to dispute a witness's testimony when it differs from what was given at the time of the interview. This should not be required of counsel, especially when, at no inconvenience to the witness, the testimony can be accurately preserved both for the protection of the witness as well as for the benefit of the trier of fact in determining the truth.

█ We believe that under the circumstances of this case, the Superior Court did not abuse its discretion in finding that Officer Harrison was being non-cooperative. The experience of other states that allow trial courts to grant discovery depositions in criminal cases belies fears that this procedure will be abused. See e.g., Tex.Code Crim.Pro.Ann. art. 39.02 (Vernon 1979); Vt. R.Crim.Pro. 15 (1974). See also, Langrock, Vermont's Experiment in Criminal Discovery, 53 A.B.A.J. 732 (1967); Comment, Depositions as a Means of Criminal Discovery, 7 U. San Fran.L.Rev. 245 (1973). In holding as we do, we do not limit the officer

to having his testimony memorialized by a tape recording. Other options such as a stenographic record by a court reporter, video tape, or qualified verbatim shorthand notes are acceptable so long as a properly certified transcript can be prepared for trial of the case.

The decision of the Superior Court ordering the Municipal Court of the City of Phoenix to exercise its discretion in ordering the deposition of Officer Harrison is affirmed. The prior Court of Appeals' opinions holding to the contrary are, by this opinion, overruled.

Relief denied.

HOLOHAN, C. J., GORDON, V. C. J., and HAYS and FELDMAN, JJ., concur.