PERKINS, Judge:
¶ 1 Jennifer Foor appeals the superior court's order denying special action relief from an order of the Phoenix Municipal Court forfeiting Foor's cats to the City of Phoenix (the "City"). Foor argues undisclosed impeachment material pertaining to the Phoenix Police officer involved in her case amounts to a Brady violation by the City and requests the forfeiture of her cats be vacated. See Brady v. Maryland , 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). For the following reasons, we hold that Brady and Giglio require disclosure of material information under these circumstances, but affirm the superior court's denial of relief on other grounds. See Giglio v. United States , 405 U.S. 150, 153-54, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).
FACTS AND PROCEDURAL HISTORY
¶ 2 Foor kept approximately forty-one cats in the backyard of her son's Phoenix home, where she resided. In October 2012, Traci Pepper, an emergency animal medical technician with the Arizona Humane Society ("AHS"), responded to Foor's residence to check the condition of the cats at the request of law enforcement. Pepper, after noting health concerns and poor sanitation, spoke to Foor about how to better care for and house the cats.
¶ 3 After a series of cancelled or missed appointments, Pepper returned to the home on December 4, 2012, and observed severely degraded living conditions, including overcrowding, poor sanitation, and signs of illness among the cats. Pepper contacted her supervisor at AHS, who, upon arriving at the house, contacted law enforcement. Pepper and her supervisor then began removing the cats while waiting for law enforcement officers to arrive. Officer Cohane of the Phoenix Police Department arrived, oversaw the seizure of the cats by AHS, and issued a notice of seizure to Foor. On arrival at the local shelter, Dr. Bradley, an AHS veterinarian, oversaw the immediate treatment and subsequent long-term care of the cats.
¶ 4 The municipal court promptly held a post-seizure hearing in accordance with Phoenix City Code ("Code") section 8-3.02(A). The court concluded the seizure was proper and Foor appealed by special action to the Maricopa County Superior Court. On review, the superior court determined it lacked sufficient information as to the extent of the municipal court's order and remanded the case for a forfeiture hearing in accordance with Code § 8-3.03.
¶ 5 The municipal court held a two-day evidentiary hearing in April and June of 2013 at which Pepper, Officer Cohane, Dr. Bradley, Foor, and Foor's son testified. After lengthy testimony, the court concluded the cats were cruelly neglected based upon the lack of shelter and sanitary conditions, and *861 should be forfeited to the City. See Code § 8-3.03(B).
¶ 6 Foor then resumed her special action in the superior court, which denied her petition. On appeal, this Court affirmed the decision of the superior court. See Foor v. Smith , 1 CA-CV 14-0089, 2015 WL 1516528 (Ariz. App. Apr. 2, 2015) (mem. decision) (" Foor I "). Foor next petitioned the Arizona Supreme Court, which denied review.
¶ 7 Foor filed several additional requests for a stay of the forfeiture order and relief from judgment, all of which the superior court denied. Foor then filed an amendment to her original special action complaint alleging a Brady violation in the underlying civil forfeiture proceeding. The superior court granted review of the amended special action complaint and denied the requested relief on the merits, noting that Brady is inapplicable in civil cases. Foor now appeals that decision.
DISCUSSION
¶ 8 We review the denial of relief in a special action before the superior court for abuse of discretion. Stoudamire v. Simon , 213 Ariz. 296, 297, ¶ 3, 141 P.3d 776, 777 (App. 2006). We view the facts in the light most favorable to upholding the court's ruling. McCown v. Patagonia Union High Sch. Dist. , 129 Ariz. 127, 127, 629 P.2d 94, 94 (App. 1981). However, we review questions of law de novo . Whiteco Outdoor Advert. v. City of Tucson , 193 Ariz. 314, 316-17, 972 P.2d 647, 649-50 (App. 1998).
¶ 9 Foor's primary argument on appeal is that the City should be required to disclose exculpatory and impeachment information in its possession in civil forfeiture cases. State law authorizes municipal forfeiture proceedings based on "the violation of an ordinance." Ariz. Rev. Stat. ("A.R.S.") § 22-406. While the instant case arises from a violation of the Phoenix animal cruelty and neglect ordinance, the disclosure question we confront is not exclusive to that context.
¶ 10 In criminal proceedings, Giglio and Brady require the disclosure of impeachment or exculpatory evidence potentially useful to the defense. Giglio , 405 U.S. at 153-54, 92 S.Ct. 763 ; Brady , 373 U.S. at 87, 83 S.Ct. 1194. As an issue of first impression, Foor seeks to extend Brady 's disclosure requirements to "quasi-criminal" civil forfeiture actions. Foor points to no authority for the extension of these disclosure requirements, but instead argues Brady and Giglio must be extended as a matter of due process. Although Foor rests her argument on Brady , the information at issue is impeachment evidence rather than exculpatory evidence. Thus, we characterize Foor's claim as a potential Giglio violation.
¶ 11 Foor identifies three pieces of potential Giglio evidence on appeal, asserting her Giglio argument is not waived because the evidence is newly discovered. First, Foor points to a 1994 disciplinary report regarding Officer Cohane's honesty in a 1993 incident. However, Foor admits she received this information from the City during the City's parallel criminal prosecution. Foor had actual knowledge of the 1994 report, since at least August 2013, and did not raise the issue at the superior court or on appeal in Foor I . Thus, Foor waived any argument related to the 1994 discipline. See Van Loan v. Van Loan , 116 Ariz. 272, 274, 569 P.2d 214, 216 (1977). Second, Foor relies upon Officer Cohane's 2004 placement on the Maricopa County Attorney's Office's ("MCAO") list of officers with potential violations discoverable under Brady (the " Brady list"). Foor alleges she obtained this information in 2016 and nothing in the record indicates otherwise. Thus, Foor's arguments related to the 2004 Brady list placement are timely and have not been waived. Finally, Foor asserts Officer Cohane was involved in additional misconduct in 2014. Because this alleged misconduct occurred after the forfeiture of Foor's cats, and thus after any impeachment opportunity, it is irrelevant and we do not consider it further. Before assessing the materiality of Foor's alleged Giglio material, we must first determine whether Brady and Giglio apply. See United States v. Agurs , 427 U.S. 97, 112-13, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).
I. Disclosure in Civil Forfeiture
¶ 12 The United States Supreme Court has long held that prosecutors in criminal cases cannot deliberately or inadvertently *862 suppress evidence favorable to the accused in a criminal trial. See Brady , 373 U.S. at 87, 83 S.Ct. 1194 ; see also Mooney v. Holohan , 294 U.S. 103, 112, 55 S.Ct. 340, 79 L.Ed. 791 (1935). This has given rise to a prosecutorial duty to disclose exculpatory and impeachment evidence in criminal cases. Giglio , 405 U.S. at 153-54, 92 S.Ct. 763. These requirements arise from the due process clause and are designed to ensure criminal trials are fair. Weatherford v. Bursey , 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977). Nothing in Brady created a general constitutional right to discovery in criminal cases. Id. Indeed, defendants in criminal cases are generally entitled to only limited discovery. See Degen v. United States , 517 U.S. 820, 825, 116 S.Ct. 1777, 135 L.Ed.2d 102 (1996) ; see also Ariz. R. Crim. P. 15. Moreover, Brady does not automatically require a new trial when omitted evidence is discovered. See Agurs , 427 U.S. at 108, 96 S.Ct. 2392. Instead, a new trial is required only when material information unknown to the defense has been withheld. Id. at 103, 96 S.Ct. 2392.
¶ 13 Brady has rarely been extended beyond criminal cases, and never by this Court. The Arizona Supreme Court has previously held that criminal defendants are entitled to some discovery, even when otherwise denied by local rules. See State ex rel. Purcell v. City Court , 112 Ariz. 517, 518, 543 P.2d 1146 (1975) (holding that a criminal defendant in municipal court is entitled to discovery as a matter of fairness when no other opportunity for discovery exists). As with criminal cases at the time of Purcell , the Phoenix Municipal Court allows no pretrial discovery in civil cases, including forfeiture cases. City Ct. Local Prac. and Proc. Rules, Phoenix, 2.10. Thus, absent mandatory disclosure, private investigation, or disclosure incident to a parallel proceeding, a defendant in a forfeiture action before the Phoenix Municipal Court has no method of obtaining exculpatory or impeachment information known to the City.
¶ 14 In contrast, civil forfeiture cases in the superior court are subject to the disclosure and discovery requirements provided by the Arizona Rules of Civil Procedure. See A.R.S. §§ 13-4310 to 4312; see generally Ariz. R. Civ. P. 26 - 37. Similarly, civil cases brought in justice court are subject to extensive discovery and disclosure. See generally Justice Ct. Civ. Proc. Rules, 121-27. Finally, cities and towns seeking forfeiture based upon the violation of an ordinance must generally conduct the proceedings in accordance with the rules for civil proceedings in justice courts. See A.R.S. § 22-406. Thus, defendants in a forfeiture action before the superior court, justice court, and most municipal courts may seek almost any potentially relevant information about the petitioner's case, including exculpatory and impeachment information. Phoenix and the cities of Tucson and Yuma are exceptions in that they explicitly prohibit pretrial discovery in civil cases before their municipal courts. See City Ct. Local Prac. & Proc. Rules, Tucson, 11; Mun. Ct. Local Prac. and Proc. Rules, Yuma, 2.11.
¶ 15 The precise question we confront is not whether Brady and Giglio apply as a general matter to all cases in which the government is a party, or even to all civil forfeiture cases, but rather, whether Brady and Giglio should apply to the rare case where a defendant is deprived of the usual disclosure and discovery rights available in similar cases. We are unaware of any case in Arizona or the Ninth Circuit examining the minimum disclosures necessary for the State to deprive a defendant of his property rights. However, several courts have examined the application of Brady and Giglio in civil suits brought by the government.
¶ 16 In Demjanjuk v. Petrovsky , the Sixth Circuit extended Brady to civil denaturalization and extradition proceedings in a case involving an alleged Nazi war criminal. 10 F.3d 338, 353-54 (6th Cir. 1993). Similarly, in United States v. Edwards , a district court extended Brady to federal civil commitment hearings because the issue involved "whether someone will be locked away." 777 F.Supp.2d 985, 994 (E.D.N.C. 2011). These cases focus primarily on the severity of the penalty sought by the government and appear to indicate Brady would not extend to civil forfeitures. Cf. Fox ex rel. Fox v. Elk Run Coal Co., 739 F.3d 131, 138-39 (declining to extend Brady to a civil case where no governmental entity sought a penalty). However, these cases did not have occasion to examine government *863 forfeiture actions or weigh disparate disclosure rights.
¶ 17 Recently, in United States v. Sierra Pacific Industries , a district court declined to extend Brady to an action by the government seeking monetary damages. 100 F.Supp.3d 948, 961 (E.D. Cal. 2015). The district court noted that, because the case before it involved a claim for damages, it was "no different from any other civil case," except that the government happened to be a party. Id. at 957. Thus, relying on the lack of "any ... consequences akin to a criminal conviction" the district court stated Brady does not apply to such cases. Id. at 957-58. In addition to its harm analysis, the district court examined the differences between procedural rights in civil and criminal cases. Significantly, the district court explained that these differences "underscore the need for Brady only in criminal cases" because the "expansive right to discovery in civil cases" provides civil defendants with constitutionally sufficient due process. Id. at 958 ; see also Brodie v. Dep't of Health & Human Servs. , 951 F.Supp.2d 108, 120 (D.D.C. 2013) (voluminous disclosure obviated need to extend Brady to civil proceeding); United States ex rel. (Redacted) v. (Redacted) , 209 F.R.D. 475, 483 (D. Utah 2001) ("[t]o extend Brady to this civil case is both unnecessary and unwarranted" because the defendants are in "possession of the underlying documents").
¶ 18 The court's reasoning in Sierra Pacific Industries is persuasive: where the government does not seek relief unique to its police power, and defendants are provided with adequate discovery and disclosure to mount an effective and meaningful defense, Brady will not apply. Here, however, the City sought forfeiture of Foor's property, a remedy which may not rise to the level of imprisonment, but is nonetheless a unique deprivation of rights only the government may seek. See, e.g. , Austin v. United States , 509 U.S. 602, 611-15, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993) (describing the origins of forfeiture); accord Leonard v. Texas , --- U.S. ----, 137 S.Ct. 847, 847-50, 197 L.Ed.2d 474 (2017) (Thomas, J., concurring). Moreover, Foor had no means to discover any evidence held by the City, denying her the process necessary to mount a meaningful defense. Under these circumstances, from a Brady perspective, the City's civil action is virtually indistinguishable from a criminal action. Thus, Brady and Giglio apply in civil forfeiture actions absent a mechanism for the defendant to discover, at a minimum, non-privileged exculpatory and impeachment information in the government's possession.
II. Materiality
¶ 19 Having concluded Brady and Giglio apply to forfeiture actions by the State where discovery is prohibited, we turn to the materiality of the alleged Giglio information. The only information relevant on appeal is Officer Cohane's placement on the MCAO Brady list in 2004. Though Foor contends this listing resulted from more than Officer Cohane's 1993 misconduct, the record contains no information to support this contention. At best, Officer Cohane's inclusion on the list amounts to impeachment evidence to undermine the credibility of her testimony.
¶ 20 The United States Supreme Court has held that constitutional error requiring a new trial based upon nondisclosure of information helpful to the defense exists only when the omitted evidence creates "a reasonable doubt that did not otherwise exist." Agurs , 427 U.S. at 112, 96 S.Ct. 2392. In Agurs , the Supreme Court was faced with a criminal charge requiring proof beyond a reasonable doubt; thus, the appropriate measure to undermine a guilty verdict was reasonable doubt. Id. Here, however, the appropriate standard is a preponderance of the evidence. See Code § 8-3.03(B). Subsequent to its decision in Agurs , the Supreme Court clarified the materiality test for Brady information, holding that information is material "only if there is a reasonable probability ... the result would have been different." United States v. Bagley , 473 U.S. 667, 681-83, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). The appropriate materiality standard, therefore, is whether, in light of the additional evidence and in the context of the entire record, the City failed to establish the requisite neglect or mistreatment by a preponderance of the evidence.
¶ 21 The evidence presented here creates a question as to the credibility of Officer Cohane.
*864 We first consider the municipal court's findings and the testimony presented by the City's other witnesses. The municipal court found that Foor did not subject the animals to cruel mistreatment, which is defined as serious physical injury or torture. However, the court did find that Foor subjected the animals to cruel neglect because their sanitary conditions were so poor as to have deprived them of adequate shelter. This finding is fully supported by testimony from Pepper and Dr. Bradley, who cleaned and treated the cats when they were brought in. Moreover, Foor admitted she kept the animals confined in containers with inadequate sanitation and did not clean or check on them for several days prior to their seizure. Finally, Pepper, not Officer Cohane, took the pictures admitted into evidence by the City.
¶ 22 Thus, even assuming the municipal court disregarded Officer Cohane's testimony, the City proved cruel neglect by a preponderance of the evidence. The court's findings were based upon the deplorable sanitary conditions in which Pepper found the cats. These conditions were thoroughly established by Dr. Bradley and Pepper's graphic testimony and the City's photographic evidence. Therefore, the omission of Officer Cohane's 2004 inclusion on the MCAO Brady list was not material on these facts and no new trial is required. See Bagley , 473 U.S. at 682, 105 S.Ct. 3375 (holding that a new trial is not required unless the new evidence undermines the verdict).
III. Remaining Arguments
¶ 23 Foor raises numerous additional minor arguments in an effort to overturn the forfeiture of her cats, all of which are unavailing. First, Foor argues that the City's procedure for animal forfeiture is unconstitutional because it does not provide the same protections as in juvenile dependency proceedings. Animals are not children; this argument is therefore meritless. Second, Foor argues the City failed to merge her criminal and civil case. Foor did not raise this issue at the superior court or in Foor I , and it is therefore waived. See Van Loan , 116 Ariz. at 274, 569 P.2d at 216. Foor also suggests the City acted improperly in her case out of a desire to punish animal hoarders, as implicated by the creation of the City's Animal Crimes Task Force. Foor never raised this issue before the superior court or in Foor I , and it too is waived. See id.
CONCLUSION
¶ 24 When the State acts to divest private citizens of their property based upon proscribed conduct, due process requires-at a minimum-a fair and meaningful hearing. Absent some basic discovery or disclosure mechanism, the protections set forth in Brady and Giglio demand the State disclose exculpatory and impeachment information beneficial to the defendant's case. Because the City prohibits pretrial discovery or disclosure, the City must disclose Brady and Giglio information in civil forfeiture proceedings.
¶ 25 Though Brady and Giglio apply, on these facts, the undisclosed Giglio information was not material under Bagley . Thus, we affirm the superior court's denial of Foor's petition for special action. Foor has requested attorney's fees on appeal; as she is not the prevailing party, we decline to award fees pursuant to A.R.S. § 12-348 and Arizona Rule of Civil Appellate Procedure 21.