547 P.2d 512

**STATE of Arizona, Petitioner,**

v.

**Hon. Anthony T. DEDDENS, Judge of the Superior Court of the State of Arizona, in and for the County of Cochise,**

**Roman MORALES, Real Party in Interest, Respondents.**

**No. 2 CA–CIV 2122.**

Court of Appeals of Arizona, Division 2.

March 24, 1976.

Review Denied May 11, 1976.

242

Richard J. Riley, Cochise County Atty., by Beverly H. Jenney, Deputy County Atty., Bisbee, for petitioner.

Ryan, Herbolich & Carragher, Ltd., by Michael A. Carragher, Douglas, for respondents real party in interest.

## OPINION

KRUCKER, Judge.

A discovery order in a pending criminal prosecution is challenged by the State in this special action. Since no remedy by appeal is available and the circumstances warrant appellate intervention, we assume jurisdiction and grant relief.

The subject order authorizes defense counsel for Mr. Morales, defendant in a pending criminal case, to depose two witnesses for the prosecution. One witness resides in Douglas, Arizona, and the other resides out-of-state. Lengthy personal interviews with these witnesses were afforded defense counsel in November and December of 1975. (The case was set for trial in February, 1976.) The interview with the in-state witness, then a co-defendant, took place in his attorney's office. His attorney was present, as were the attorney for another co-defendant and a deputy county attorney. The out-of-state witness, who was the informant and had driven to Arizona at county expense for the purpose of allowing defense counsel to interview him, was interviewed in the prosecutor's office.

Counsel for Mr. Morales subsequently filed a motion pursuant to Rules 15.1(e) and 15.3(a)(2) for an order compelling the two witnesses to submit to a tape recorded personal interview or deposition by him. He stated that he had had an opportunity to conduct personal interviews with the witnesses and that the interviews were permitted only under the "watchful eyes and ears" of the prosecutor, possibly preventing complete candor on the part of the witnesses. He also stated that his request for permission to record the interview was not granted by the prosecutor and that his notes reflected discrepancies between the witnesses' versions of the transaction, indicating that impeachment of either one or both would be necessary and possible. The court granted counsel's request authorizing him to depose both witnesses. The court stated as its reason that the prosecutor should have allowed defense counsel to interview the witnesses without the prosecutor being present.

Rule 15.3(a) permits the court to exercise its discretion in ordering depositions to obtain discovery from an uncooperative witness. It states:

"Upon motion of any party or a witness, the court may in its discretion order the examination of any person except the defendant upon oral deposition under the following circumstances:

*     *     *     *     *     *

(2) A party shows that the person's testimony is material to the case or necessary adequately to prepare a defense or investigate the offense, that he was not a witness at the preliminary hearing, and that he will not cooperate in granting a personal interview.   .   .."

The comment to this rule points out that the deposition right of this rule specifically excludes persons who have testified at the preliminary hearing but despite this, a party may seek a voluntary interview with a witness who has testified at the preliminary hearing and in exceptional cases a defendant may seek additional discovery under Rule 15.1(e).

■■ Thus we see that the court's discretion to grant a motion for deposition may be exercised under Rule 15.3(a)(2) when the person sought to be interviewed is recalcitrant. Such is not the case here. The two witnesses were not uncooperative and were interviewed by defense counsel. The

fact that the prosecutor was present at both interviews did not make the witnesses non-cooperative in granting a personal interview. We decline to read into the Rule, as did the respondent court, that the interview must be private.

Since the motion for deposition did not allege circumstances which justified the exercise of the court's discretion, it should not have been granted. Therefore, the order for deposition is hereby vacated.

HOWARD, C. J., and HATHAWAY, J., concurring.