553 P.2d 243

Larry Dean KIRKENDALL, Manuel Jesus Duarte, John L. Redmond, and Virginia Brenna, Petitioners,

v.

The Honorable Lillian FISHER, Judge of the Superior Court of Arizona, IN AND FOR the COUNTY OF PIMA, and the STATE of Arizona, Real Party in Interest, Respondents.

No. 2 CA–CIV 2239.

Court of Appeals of Arizona, Division 2.

July 20, 1976.

Risner, Raven & Keller, by Mark B. Raven, Tucson, for petitioner Kirkendall.

Hirsh, Shiner & Polis, P. C., by Robert J. Hirsh, Tucson, for petitioners Duarte and Redmond.

James F. Crane, Tucson, for petitioner Brenna.

David G. Dingeldine, Pima County Atty., by J. L. Lansdale, Jr., Deputy County Atty., for real party in interest.

## OPINION

### HATHAWAY, Judge.

Petitioners, defendants in pending prosecutions, invoked Rule 15.3, Rules of Criminal Procedure, requesting the respondent court to allow them to depose certain prosecution witnesses, undercover agents of the Metropolitan Area Narcotics Squad. Their motions were denied and they have sought special action relief, claiming the respondent court abused its discretion. Since the problem will continue to plague the bench and bar, we deem it appropriate to assume jurisdiction and grant relief.

The pertinent facts follow. Several undercover agents of the Metropolitan Area Narcotics Squad in Pima County were material witnesses to the events that precipitated the arrest of petitioners on November 23, 1975. Pursuant to an agreement between the prosecutor and defense counsel, informal taped interviews were arranged with the agents. On March 18, agent Moorehead was interviewed at the offices of the Pima County Attorney while two other agents waited in another area. On March 23, interviews were again attempted since only agent Moorehead's interview had been accomplished on March 18. This time, however, the agents expressed their desire to be interviewed as a group and to not have the interview recorded. Defense counsel acceded to the agent's wishes and began to interview the entire group. However, counsel found such procedure afforded them an inadequate opportunity to discovery and terminated the interview. An extensive hearing was held on their motion for depositions, concluding in the challenged ruling.

Rule 15.3 states in part:

"a. Availability. Upon motion of any party or a witness, the court may in its discretion order the examination of any person except the defendant upon oral deposition under the following circumstances:

\* \* \* \* \* \*

(2) A party shows that the person's testimony is material to the case or necessary adequately to prepare a defense or investigate the offense, that he was not a witness at the preliminary hearing,

and that he will not cooperate in granting a personal interview; . . ."

In our recent case of *State v. Deddens*, 26 Ariz.App. 241, 547 P.2d 512 (1976), where we cited Rule 15.3(a), we recognized the court's discretion to grant a motion for deposition when the person sought to be interviewed was recalcitrant. However, in *Deddens*, we vacated an order for deposition since the two witnesses were not uncooperative and had been interviewed by defense counsel. We held that although the prosecutor was present during the interview, a personal interview under Rule 15.3(a)(2) does not mean a private interview.

■ The state claims that the witnesses' refusal to be interviewed individually on tape did not exhibit recalcitrance on their part but rather a defense to the abusive tactics of defense counsel during the interview of agent Moorehead. We cannot agree. We have reviewed the tape recordings of the interview in question and while some areas of interest to counsel do not appear particularly relevant, we detect no bad faith attempt to harass the witness. Just because counsel may be overzealous and aggressive in his interrogation technique is no reason to deny discovery by the interview process.

■ Lack of cooperation within the meaning of Rule 15.3 is not necessarily to be equated with an outright refusal to answer questions propounded by defense counsel. See *Mota v. Buchanan*, 26 Ariz. App. 246, 547 P.2d 517 (1976). Where the witness attaches such conditions to an interview that it makes the situation untenable for defense counsel to discover needed material, the witness is being uncoopera-

tive within the meaning of the rule. A witness may condition his interview upon the presence of his counsel as in *Deddens*. Here, however, the condition imposed by the witness was that his interview be conducted together with the interviews of other witnesses. This condition is unrealistic as the purpose of the interview is to ascertain each individual witness' view of the event in question in order for counsel to build his defense and determine areas of discrepancy to use in his client's behalf. We think this an improper stricture and petitioners' request pursuant to Rule 15.3(a)(2) should have been granted. Any concern by the prosecutor that defense counsel could inquire into irrelevant matters which might disrupt ongoing law enforcement investigations is unfounded since Rule 15.5 provides an adequate remedy.

The second basis for relief urged by petitioners is that the refusal to allow taping of the interview also amounts to a "refusal to cooperate" under the rule. We find it unnecessary to consider this argument since an order for deposition insures the memorialization of the interviews.

The respondent court is directed to enter an appropriate order consistent herewith.

KRUCKER, J., and ROBERT B. BUCHANAN, Superior Court Judge, concurring.

NOTE: Chief Judge Lawrence Howard having requested that he be relieved from consideration of this matter, Judge Robert B. Buchanan was called to sit in his stead and participate in the determination of this decision.