No. 79-119

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

THE STATE OF MONTANA,

            Plaintiff and Respondent,

    -vs-

LUIS PECORA,

            Defendant and Appellant.

Appeal from:  District Court of the Thirteenth Judicial District,
              In and for the County of Yellowstone, The Honorable
              Diane G. Barz, Judge presiding.

Counsel of Record:

    For Appellant:

        Berger, Anderson, Sinclair & Murphy, Billings,
        Montana
        Chris Nelson argued, Billings, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Mark Murphy argued, Asst. Atty. General, Helena,
        Montana
        Harold F. Hanser, County Attorney, Billings, Montana
        James Whalen argued, Deputy County Atty., Billings,
        Montana

                        Submitted:  September 15, 1980
                          Decided:  OCT 22 1980

Filed: OCT 22 1980

_Thomas J. Kearney_
                    Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Defendant appeals from a Yellowstone County District Court conviction on one count of sexual intercourse without consent.

The issues presented are: (1) whether the District Court erred in refusing a Smith-type jury instruction; (2) whether the jury was properly instructed on the consent issue; and (3) whether the court erred in refusing to order depositions of two witnesses.

On the night of July 2, 1979, defendant and his twenty-year-old adopted daughter (the victim) were alone at the family home in Billings. They passed the evening in routine family pursuits. At about 10:00 p.m., the victim retired to her bedroom. The defendant followed her into the room, and after several hours of discussion, the couple engaged in sexual intercourse. Thereafter, the victim fled the house via her bedroom window and ran to her sister's home, from which the police were summoned.

Both parties generally agree as to the events of the evening. Their testimonies do not conflict essentially on the occurrences leading up to and including the sexual intercourse. They disagree as to whether the victim consented.

The victim testified that after defendant followed her into the bedroom, he slapped and choked her, whereupon she screamed. When he later momentarily left the room, she tried to lock the door. Upon his return, she struggled and resisted for as long as she was able. She denied cooperating or consenting to sexual intercourse at any time.

Defendant testified that a jocular mood existed that night, that he followed her into the bedroom in a playful spirit, and that he neither slapped nor choked her. As their discussion progressed, he became serious about having

-2-

sexual relations, but she was reluctant. When he left the room, she stood up but did not try to lock the door. When defendant returned and initiated sexual advances, she presented only token resistance, which ceased altogether as defendant persisted. Defendant claims she thereafter consented and cooperated fully in the ensuing activity.

A medical examination of the victim the following morning revealed a mildly reddened right cheek, described as equivocal, and two linear bruises over her chest. There were no marks on her neck.

The defense offered the following instruction, which the court refused.

> "You are instructed that the charge of Sexual Intercourse Without Consent is easy to make, difficult to prove, and more difficult to disprove, and in considering a case of this kind, it is the duty of the jury to carefully and deliberately consider, compare and weigh all testimony, facts and circumstances bearing on the act complained of, and the utmost care, intelligence and freedom from bias should be exercised by the jury (sic) consideration thereof."

The defendant argues that since there is a lack of corroboration on the critical matter of consent, the defense was entitled to the instruction pursuant to State v. Smith (1980), ___ Mont. _____, 609 P.2d 696, 37 St.Rep. 583.

In Smith, as in the present case, the occurrence of the sexual act was not disputed. In Smith, however, there was evidence of both malice and motive on the part of the victim for revenge, in addition to a complete absence of corroboration on the issue of consent. These circumstances prompted this Court to state in Smith:

> "The evidence clearly meets the standard of private malice, desire for revenge and absence of corroboration on the critical matters of consent, all as required by State v. Ballew (1975), 166 Mont. 270, 275-76, 532 P.2d 407, 410-11, and cases cited therein." 609 P.2d at 699.

-3-

Failure to grant this cautionary instruction under the facts presented in Smith necessitated remand.

Ballew, supra, involved a deviate sexual conduct charge where the complaining witness was a sixteen-year-old boy. There was no evidence of ill-will between the victim and defendant, and the physical evidence supported the victim's testimony. The defendant in Ballew denied making any sexual advances. This Court rejected the proffered cautionary instruction, ruling:

> ". . . refusal to give such an instruction will be error only when some specific cause is shown for distrusting the testimony of the complaining witness. Such causes might include manifest malice, desire for revenge, or an absence of corroborating evidence tending to support the facts testified to by the complaining witness." 166 Mont. at 276, 532 P.2d at 411.

Thus, Ballew focuses on a specific cause for distrusting the victim's testimony. This Court has indicated in State v. Just (1979), ___ Mont. ___, 602 P.2d 957, 964, 36 St.Rep. 1649, 1659, that lack of corroboration, standing alone does not constitute sufficient cause for distrust. The ruling in Smith, supra, provides that a showing of some type of personal enmity coupled with a lack of corroborative evidence on the disputed areas of testimony may give rise to distrust.

In this instance, the record reflects neither private malice nor motive for revenge on the part of the victim, nor is there a lack of corroborative evidence regarding consent. The District Court's refusal of the cautionary instruction was thus not error.

The defense theory at trial was that the victim acted as a consenting partner in the sexual relations, notwithstanding her original reluctance. Defendant argues the instructions given, mandated conviction because they did not fully present the law as applicable to this defense theory. Defendant

-4-

offered four alternative instructions purporting to fully recite the law.   Since evidence supporting the theory was admitted, defendant argues the jury should have been instructed regarding the defense theory.

Some evidence supporting the defense theory was indeed included in the record.   Had defendant offered an acceptable instruction, it should perforce have been given.   State v. Buckley (1976), 171 Mont. 238, 242, 557 P.2d 283, 285. However, each of defendant's consent instructions was replete with misleading statements and misstatements of Montana law. Failure to present a specific, acceptable instruction regarding its own theory precludes the defense from alleging reversible error.   State v. Watson (1965), 144 Mont. 576, 584, 398 P.2d 949, 953.

> The jury was given the following instruction:
>
> "There is no clear rule as to how much resistance is required of a woman in order to prove her lack of consent to sexual intercourse with a man who intends to rape her, apparently at all costs.   The law does not put her life into even greater jeopardy than it is already in.   There is no way a woman in dealing with a man bent on rape can know how much resistance she can give without provoking him into killing her.   Continuous resistance to an attempted rape is not required."

Although the instruction is taken directly from State v. Glidden (1974), 165 Mont. 470, 474, 529 P.2d 1384, 1386, the language was not necessarily intended nor is it suitable for use as a jury instruction.   Hunsaker v. Bozeman Deaconess Foundation (1978), ____ Mont. ____, 588 P.2d 493, 509, 35 St.Rep. 1647, 1665.   This particular language is argumentative and comments on the evidence.   It is therefore not appropriate as a jury instruction and should not be so used.   The State agreed to this in oral argument before this Court.

Defendant is not entitled to reversal due to the impropriety of the instruction.   The only defense objections were that the instruction was an incomplete statement of the law, and

was more fully covered by defendant's proposed instructions. The objections, on those improper grounds, were properly overruled. Richland County v. Anderson (1956), 129 Mont. 559, 574, 291 P.2d 267, 275. Defendant, having failed to make proper objection to the instruction, and indeed having offered the same instruction, is bound by it. State v. Collins (1978), ___ Mont. ___, 582 P.2d 1179, 1185, 35 St.Rep. 993, 1001.

Defendant's final argument for reversal concerns the District Court's refusal to order depositions of the victim's sister and brother-in-law. Defendant contends depositions were necessary pursuant to section 46-15-201(1), MCA, because the witnesses refused to interview defense counsel unless some member of the county attorney's office was present.

Here, an unwillingness by the witnesses to provide relevant information is a necessary statutory element for compelling depositions. Section 46-15-201(1), MCA. An interview under circumstances directed by the witness would reflect unwillingness only if the attached conditions make it untenable for defense counsel to discover needed material. Kirkendall v. Fisher (1976), 27 Ariz.App. 210, 553 P.2d 243, 245. Where, as here, the witnesses were not uncooperative and were interviewed by defense counsel, a prosecutor's presence does not require further discovery. State v. Deddens (1976), 26 Ariz.App. 241, 547 P.2d 512, 513-14.

We do not hold here that any party other than a witness may dictate conditions of an interview. Witnesses to a crime are the property of neither the prosecution nor the defense. Gregory v. United States (D.C.Cir. 1966), 369 F.2d 185, 188. The prosecution therefore may neither sequester nor insulate witnesses from the defense on his own initiative. There is no indication in the record that the proviso here was set at the prosecution's suggestion or behest.

The statutory elements for compelling depositions clearly do not exist here. The District Court acted well within its discretion in refusing defendant's motion.

The judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

Mr. Justice Daniel J. Shea concurs with the affirmance of the conviction but not in all that is said concerning jury instructions.

I emphasize first that the trial courts and counsel should be discouraged from lifting language from court opinions to be used as jury instructions. It is not good practice. We covered that problem, I thought, in Hunsaker v. Bozeman Deaconess Foundation (1978), ____ Mont. ____, 588 P.2d 493, 509, 35 St.Rep. 1647, 1665. The plain fact is that court opinions are not designed to nor intend to be jury instructions.

Secondly, I do not agree with the majority opinion that "failure to present a specific, acceptable instruction regarding its own theory precludes the defense from alleging reversible error." That puts a burden on the defendant or his counsel which is more properly with the trial court. Once the defendant urges a particular theory, and there is evidence in the record relating to that theory, it is then the duty of the trial court to instruct on such theory. The fact that defense counsel does not prepare an acceptable instruction does not relieve the trial court of either putting defense counsel to work drafting a proper one or drafting a proper one himself. It is fundamentally and primarily the duty of the trial court to see that the jury is properly instructed. That he should be aided by trial counsel goes without saying; but that he can be relieved of his obligation by placing the onus on counsel, has the effect of relieving the duty of the trial court to properly instruct the jury. That should never be the case.

_____
Justice