745 P.2d 634

STATE of Arizona, ex rel., Roderick G. McDOUGALL, Phoenix City Attorney, Plaintiffs-Appellants,

v.

The MUNICIPAL COURT OF the CITY OF PHOENIX, Arizona, and the Honorable John L. Wiehn, Judge thereof; and Claude R. Jennings and Billie J. Niblack, Defendants and Real Parties in Interest, Defendants-Appellees.

Dean R. PETERSON, Plaintiff-Appellee,

v.

CITY OF PHOENIX MUNICIPAL COURT; the Honorable George Bonsall, Judge Pro Tempore, Real Party in Interest therein; and City of Phoenix, a political subdivision of the State of Arizona, Defendants–Appellants.

Nos. 1 CA–CIV 9274, 1 CA–CIV 9469.

Court of Appeals of Arizona, Division 1, Department D.

Nov. 5, 1987.

J. Michael Sauer, Phoenix, for defendants-appellees.

Kenneth D. Freedman, Phoenix, for plaintiff-appellee.

Kurt N. Mills and Michael L. Scanlan, Asst. City Prosecutors, Phoenix, for plaintiffs-appellants.

## OPINION

FROEB, Judge.

When a witness will not "cooperate" in giving a personal interview, rule 15.3, Arizona Rules of Criminal Procedure, authorizes the court, in its discretion, to order the taking of the witness's oral deposition. The determination of whether a witness is "cooperative" is generally a matter within the discretion of the trial court. After reviewing the three cases before us in this consolidated appeal, we find a proper exercise of discretion concerning one witness and an erroneous exercise of discretion concerning the other two. Each case involves an attempt by defense counsel in a DWI case before the Phoenix Municipal Court to schedule an interview with a police officer. The core of the dispute is whether a police officer is being "cooperative" when requiring that the interview with counsel be held at a police substation at a time designated by the officer.

### THE JENNINGS AND NIBLACK CASES

Appellees Claude R. Jennings and Billy J. Niblack were charged with driving while under the influence of intoxicating liquor pursuant to A.R.S. § 28–692(A). The officer who arrested Jennings agreed to be interviewed by defense counsel at the Maryvale police substation at 2:00 p.m., August 13, 1986, a Wednesday. The officer who arrested Niblack agreed to be interviewed at the Union Hills police substation at 2:30 p.m. on a Monday or Tuesday. Counsel for Jennings filed a motion to com-

pel the deposition of the arresting officer pursuant to rule 15.3, Arizona Rules of Criminal Procedure, alleging that the officer was uncooperative in providing a personal interview. Counsel for Niblack did the same. The judge of the Phoenix Municipal Court found the witnesses to be uncooperative in both cases and ordered the depositions to be taken at the Phoenix City Prosecutor's office. The state, having no plain, speedy or adequate remedy by appeal, filed a special action in the Maricopa County Superior Court and argued before Judge Hendrix that the municipal court had abused its discretion in ordering the depositions. The superior court held that it could not find as a matter of law that the municipal court abused its discretion and denied relief. The state then appealed to this court.

### THE PETERSON CASE

Appellee Dean R. Peterson was charged with driving while under the influence of intoxicating liquor in violation of A.R.S. § 28–692(A) and driving while having a blood alcohol concentration of .10% or greater in violation of A.R.S. § 28–692(B), together with other violations of the motor vehicle code. The arresting officer agreed to be interviewed by defense counsel at the Sky Harbor police substation at 7:30 p.m. on either a Thursday, Friday, Saturday or Sunday. Counsel for Peterson filed a motion to compel the deposition of the officer on the ground that the time and place of the interview were an unfair imposition upon defense counsel. The Phoenix Municipal Court denied the motion. Counsel for Peterson filed a special action in the Maricopa County Superior Court and argued before Judge Patterson that the municipal court abused its discretion by failing to order the officer's deposition. Judge Patterson held that the restrictions on the proposed interview were unreasonable as a matter of law and that the officer was uncooperative with respect to the pre-trial discovery process. He found that the Phoenix Municipal Court judge abused his discretion in failing to order the taking of a deposition. The state has appealed the ruling.

### MOOTNESS

We first address whether this appeal should be dismissed as moot. Defendants argue that this appeal is moot because the interviews or depositions have already taken place or the charges have been dismissed. The state argues that even if this appeal is moot, it should not be dismissed because the issue presented is a recurring one of public importance and will continue to evade review.

Generally courts will refrain from considering moot or abstract questions. However, it is within the discretion of the appellate courts to decide issues of law even though the controversy has become moot. *State v. Valenzuela*, 144 Ariz. 43, 44, 695 P.2d 732, 733 (1985); *State v. Superior Court*, 104 Ariz. 440, 441, 454 P.2d 982, 983 (1969). Where the public interest would be served by deciding the questions presented, the appellate courts will hear the appeal. *State v. Rodriguez*, 153 Ariz. 182, 183–84, 735 P.2d 792, 793–94 (1987). Also, where an issue is capable of repetition, yet constantly evades review, appellate courts have discretion to decide the issue even though the case has become moot. *Arizona Downs v. Turf Paradise*, 140 Ariz. 438, 445, 682 P.2d 443, 450 (App.1984).

■ The issue presented is one that will continue to evade review because the interview or the deposition normally will have been held before the matter could be reviewed by this court. It is also one that is of public interest. We find this issue to be appropriate for our consideration notwithstanding its mootness.

### POLICY CONCERNING INTERVIEWS

Underlying the scheduling of officer interviews is a recently adopted Phoenix Police Department order governing police officers' conduct which provides:

Defense Interview—Employees receiving requests for defense interviews will schedule the interviews at their precincts/bureaus Mondays through Fridays between the hours of 0700 and 1900, with no interview scheduled to conclude later

than 2000 hours unless mutually agreed to by the employee and defense attorney. The interview will be scheduled during or in conjunction with the employee's work hours (continuous time). Overtime will be authorized only when the employee's supervisor approves the overtime scheduling prior to the interview and only during normal work hours....

(Emphasis in original.)

The state argues that the restrictions placed on the giving of the interviews cause only slight inconvenience to defense counsel and do not equate with a lack of cooperation on the officers' part, which would justify intervention by municipal and state courts pursuant to rule 15.3. The state urges this court to rule that no reasonable judge would find police officers to be uncooperative pursuant to the rule where they are complying with department policy of granting interviews at their substations in conjunction with their work hours. The state argues that the department's policy of having its police officers schedule interviews at their substations during or immediately before and after their shifts was adopted in order to minimize overtime costs. The state indicates that the police officers are not prevented from scheduling interviews at other times and places, but that they may not be paid for their time if they do so. Further, the state argues that the police department has a legitimate interest in minimizing its costs and in causing interviews to be scheduled in a manner that will convenience police officers and the Phoenix Police Department.

Defendants counter by arguing that the Phoenix Police Department order was adopted because of a passive atmosphere at the Phoenix City Prosecutor's Office allowing the police to take charge. Defendants also maintain that the Phoenix Police Department's new policy of requiring that interviews be at a police substation rather than at the Phoenix City Prosecutor's Office is part of a systematic effort by the Phoenix City Prosecutor's Office to create unnecessary obstacles in the defense of persons charged in the Phoenix Municipal Court. Finally, defendants submitted affidavits from two attorneys attesting that employees in the offices of both the Maricopa County Attorney and the Arizona Attorney General follow a common practice of arranging defense interviews with police and law enforcement officers during normal working hours and providing a location at their respective offices where the interviews can be conducted.

Apart from the motives for its adoption, the policy makes the scheduling of interviews more convenient for police officers and is calculated to reduce expenditure of city funds. On the other hand, it places greater economic and time burdens on defense counsel. For example, as counsel for defendants Jennings and Niblack argued before the municipal court judge, the case load of a court-appointed attorney can easily be so heavy that it would be virtually impossible for him to conduct interviews at outlying police substations rather than at a more central location such as the Phoenix City Prosecutor's Office. Also, it is evident that requiring defense counsel to conduct interviews after normal business hours could create significant burdens for them.

## LAW

Rule 15.3a(2), Arizona Rules of Criminal Procedure, provides for court-ordered depositions of witnesses under certain circumstances. It states in relevant part:

a. Availability. Upon motion of any party or a witness, the court may in its discretion order the examination of any person except the defendant upon oral deposition under the following circumstances:

. . . .

(2) A party shows that the person's testimony is material to the case or necessary adequately to prepare a defense or investigate the offense, that he was not a witness at the preliminary hearing, and that he will not cooperate in granting a personal interview;

. . . .

"Whether to order a deposition under Rule 15.3 is a matter within the discretion

of the trial court." *State v. Fuller,* 143 Ariz. 571, 574, 694 P.2d 1185, 1188 (1985); *State v. Schoonover,* 128 Ariz. 411, 414, 626 P.2d 141, 144 (App.1981). In deciding whether there was an abuse of discretion by the municipal court judges in granting or denying the motions to compel depositions and an abuse of discretion of the superior court judges in their rulings, we must determine whether the police officers were being "uncooperative" within the meaning of the rule in placing the restrictions referred to earlier on their interviews. Therefore, we look to the case law interpreting rule 15.3.

■ A witness is uncooperative when he "attache[s] such conditions to an interview that it makes the situation untenable for defense counsel to discover needed material." *Murphy v. Superior Court,* 142 Ariz. 273, 278, 689 P.2d 532, 537 (1984) *citing Kirkendall v. Fisher,* 27 Ariz.App. 210, 212, 553 P.2d 243, 245 (1976). A witness is not uncooperative simply because he places reasonable conditions on the interview. To be deemed uncooperative, the conditions must tend to frustrate discovery.

In *Murphy,* a victim of a sexual assault was found not to be uncooperative merely because she insisted that her victim-assistance caseworker be present. The court held that "[n]othing in Rule 15.3 or elsewhere prohibits a witness from having someone present to provide sympathy and moral support." *Murphy,* 142 Ariz. at 279, 689 P.2d at 538. In *State v. Deddens,* 26 Ariz.App. 241, 243, 547 P.2d 512, 514 (1976), it was held that the presence of a prosecutor at a witness interview did not make a witness uncooperative under rule 15.3. In *State v. DeRose,* 128 Ariz. 299, 625 P.2d 362 (App.1981), the court held that the court's discretion to grant a deposition under rule 15.3 may be exercised when the person sought to be interviewed is recalcitrant.

In *Kirkendall v. Fisher,* 27 Ariz.App. 210, 553 P.2d 243 (1976), Division Two of this court held that a rule 15.3 lack of cooperation is not necessarily to be equated with an outright refusal to answer questions asked by defense counsel. Rather,

"[w]here the witness *attaches such conditions* to an interview that it makes the situation *untenable* for defense counsel to discover needed material, the witness is being uncooperative within the meaning of the rule." *Kirkendall,* 27 Ariz.App. at 212, 553 P.2d at 245 (emphasis added). In *Kirkendall,* the witness was an undercover police officer who refused to be interviewed unless two other undercover officers were also present. The court held that the witness was uncooperative under the circumstances because the presence of all three undercover officers would make it difficult, if not impossible, for defense counsel to elicit inconsistencies in the officers' stories, thereby frustrating discovery. *Kirkendall,* 27 Ariz.App. at 212, 553 P.2d at 245. Similarly, in *State ex rel. Baumert v. Superior Court,* 133 Ariz. 371, 651 P.2d 1196 (1982), the refusal of a witness to allow his testimony to be taped because he did not want to be impeached made him "uncooperative" within the rule when, at no inconvenience to the witness, the testimony could be accurately preserved.

■ From the foregoing, it is apparent that, within reason, a witness, including a police officer, may exert some degree of primacy in selecting a time and place for an interview. This has long been the general rule. When a witness will not cooperate in a criminal case, the court may require his or her appearance at an oral deposition. Rule 15.3. The trial court in its discretion may determine in a given case whether the witness is cooperative or uncooperative, and an appellate court will seldom interfere with the exercise of this discretion. Occasionally, however, an appellate court will review a trial court's exercise of discretion to establish a legal principle for trial courts to apply as a guide for the exercise of discretion. This is one of those cases.

■ After considering the issue of witness cooperation both from the viewpoint of the state and of the defendant, we conclude that a police officer is presumptively cooperative within the meaning of rule 15.3 if the officer is willing to be interviewed by defense counsel between the hours of 8:00 a.m. and 6:00 p.m., Monday through Fri-

day. Of course, nothing prevents the officer and defense counsel from agreeing to some other mutually convenient time. Moreover, we hold that a police substation is presumptively a reasonable location for an interview when balancing the convenience of both the officer and defense counsel. This is in keeping with the well established notion, referred to earlier, that a witness exerts primacy in selecting the time and place for the interview. Under such circumstances, the witness will be found to be cooperative.

The presumption as to time and place may be overcome by a showing that, for reasons peculiar to the case at hand, the witness is being uncooperative. In that event, the court may exercise its discretion and order an oral deposition at a time and place which takes into account a better balancing of the convenience of all parties.

■ Applying this conclusion to the cases before us, we hold in the Jennings and Niblack cases, the time and location of the interviews were presumptively reasonable. Since there was no contrary showing which would justify a finding that the witnesses were being uncooperative, the order of the superior court in those cases is reversed.

■ The opposite is true in the Peterson case. There the officer consented to give his interview at 7:30 p.m. at the police substation. Since this time was not during the "normal" working hours we set out earlier, the presumption does not apply. Thus, under the facts in the Peterson record, the superior court judge was justified in deciding that the witness was uncooperative. The order directing the Phoenix Municipal Court to order a deposition of the police officer was therefore within his discretion and we affirm it.

The order of the superior court in 1 CA–CIV 9469 (Peterson) is affirmed and the order in 1 CA–CIV 9274 (Jennings and Niblack) is reversed in accordance with the decision herein.

HAIRE, C.J., and EUBANK, J., concur.