774 P.2d 837

Timothy Patrick **ARCARIS,** Petitioner,

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Howard V. Peterson, Respondent Judge,**

The **STATE of Arizona, Real Party in Interest.**

No. 1 CA–SA 89–053.

Court of Appeals of Arizona, Division 1, Department C.

May 30, 1989.

**534**

Dean W. Trebesch, Maricopa County Public Defender by Larry Blieden, Deputy Public Defender, Phoenix, for petitioner.

Robert K. Corbin, Atty. Gen. by Jessica G. Funkhouser, Chief Counsel, Criminal Div., Asst. Atty. Gen., and Richard M. Romley, Maricopa County Atty. by Jeffrey Sandler, Deputy County Atty., Phoenix, for respondent and real party in interest.

## OPINION

CLABORNE, Judge.

Petitioner filed this special action challenging the trial court's decision to allow the mother of an alleged sexually abused child to attend the deposition of the child to be taken in accordance with Rule 15.3, Arizona Rules of Criminal Procedure. The petitioner also complains of the trial court's ruling that the public defender could withdraw as counsel for the defendant provided that another lawyer would be available for trial. We accept jurisdiction and deny relief.

██ The claim that the trial court abused its discretion concerning the withdrawal of the public defender has no merit. Rule 6.3, Arizona Rules of Criminal Procedure, clearly allows the trial judge to do what he did. If there is some issue concerning the representation by the public defender's office of those later found not to be indigent, it can be dealt with in another forum.

██ Petitioner was charged with one count of sexual abuse, a class 3 felony and a dangerous crime against children, in violation of A.R.S. § 13–1404, and two counts of sexual molestation, a class 2 felony and dangerous crime against children, in violation of A.R.S. § 13–1410 in August 1988. Petitioner's counsel sought to interview the ten-year old alleged victim of these crimes. The victim's mother, however, insisted that she be present during the interview. The mother had been interviewed before the request by the petitioner to interview the child. The petitioner contended that the child's recollection of the alleged abuse differed when she talked to her mother about the incident. It was on this basis that the petitioner moved to depose the child without the presence of her mother. The petitioner was willing to accept the presence of some other sympathetic persons. The trial court granted the motion to depose the child, but allowed the child's mother to attend and restricted the mother's activities during the deposition.

Petitioner argues that the trial court erred in permitting the child's mother to be present during the deposition. He contends that placing such a condition on the deposition results in the child being an "uncooperative witness." According to Rule 15.3, a court may order the deposition when "[a] party shows that the person's testimony is material to the case ... and that he will not cooperate in granting a personal interview." Rule 15.3(a)(2), Arizona Rules of Criminal Procedure.

A witness is uncooperative within the meaning of Rule 15.3 when the witness attaches such conditions to an interview that "it makes the situation untenable for defense counsel to discover needed material." *Kirkendall v. Fisher*, 27 Ariz.App. 210, 212, 553 P.2d 243, 245 (1976) (the court found the insistence of three undercover narcotic agents to be deposed as a group rather than individually was to be "uncooperative" within the meaning of the rule).

The petitioner complains that to allow the mother, who may also be a witness, to

give moral support to the child is an unwarranted abuse of discretion. Nothing prohibits the trial court from allowing a sympathetic person to be present to support the witness provided the objective is giving moral support and not providing substantive information. *Murphy v. Superior Court,* 142 Ariz. 273, 279, 689 P.2d 532, 538 (1984). Such a circumstance may help produce more complete information than if the witness were questioned alone. *Id.*

Certainly the trial court should have the discretion to provide a child with that support which would promote the child giving a complete and accurate account of the alleged incident. The process of being questioned by strangers is forbidding enough for an adult much less a child of ten. The trial court's discretion allows it to evaluate the circumstances which would promote the child's ability to freely testify. If there is substantial evidence that the presence of the mother would inhibit the child's testimony, then the court should not allow the mother's presence. For example, a showing that a mother continually coaches her child's testimony, or that her sympathetic relationship with the defendant could adversely affect the child's testimony, might dictate that the mother should not be allowed to attend the deposition.

Simply stated, as long as the court assures itself that the deposition is conducted with fundamental fairness, the defendant cannot complain.

The claim that the mother may be a witness has no merit. Her interview has already occurred and the court has clearly limited her participation in the child's deposition.*

We find no abuse of the trial court's discretion and deny relief.

SHELLEY, P.J., and VOSS, J., concur.

---

* The trial court specifically limited the mother's role by stating that she "will be restrained from participating in any way, including coaching, gesturing and passing signals to deponent."