NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

BENJAMIN WADE HORNE, *Petitioner/Appellant*,

*v.*

BRUCE R. OWENS, *Respondent Judge*,

*and*

STATE OF ARIZONA, *Real Party in Interest/Appellee.*

No. 1 CA-CV 24-0252

FILED 11-26-2024

Appeal from the Superior Court in Maricopa County
No. LC2024-000032-001
The Honorable Jeffrey A. Rueter, Judge

**AFFIRMED**

COUNSEL

Law Office of Robert P. Jarvis, Mesa
By Robert P. Jarvis, Garrett L. Smith
*Counsel for Petitioner/Appellant*

Gilbert Town Prosecutor's Office, Gilbert
By Jacob D. Brown
*Counsel for Real Party in Interest/Appellee*

―――――――――――――――

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Paul J. McMurdie joined.

―――――――――――――――

**C A M P B E L L**, Judge:

¶1        Benjamin Wade Horne, facing charges in municipal court, moved to depose two forensic scientists involved in the case. The municipal court denied Horne's motions as premature because the witnesses had agreed to submit to one-hour interviews.

¶2        Horne petitioned the superior court for special-action relief. The superior court "decline[d] Special Action jurisdiction as the ruling at issue was not clearly erroneous or an abuse of discretion." Horne now appeals to this court.

¶3        The superior court may decline jurisdiction based on it finding that the municipal court neither committed clear error nor abused its discretion. *State v. Chopra*, 241 Ariz. 353, 355, ¶ 10 (App. 2016). In such circumstances, we only review whether the decision to decline jurisdiction was an abuse of discretion. *See Bilagody v. Thorneycroft*, 125 Ariz. 88, 92 (App. 1979).

¶4        Horne argues that the time-limited interviews equated to witness non-cooperation, depriving him of due process. We reject Horne's arguments and find no abuse of discretion in the court's decision to decline jurisdiction.

¶5        A witness may place reasonable conditions on interviews. *State ex rel. McDougall v. Municipal Court*, 155 Ariz. 186, 190 (App. 1987). It is only when the interview conditions "make[] the situation untenable for defense counsel to discover needed material" (in contravention of due process, *see, e.g.*, *California v. Trombetta*, 467 U.S. 479, 485 (1984)) that a witness is uncooperative and must be ordered to submit to a deposition. *McDougall*, 155 Ariz. at 190 (citation omitted). For example, we have upheld uncooperativeness findings where an undercover witness insisted on being interviewed in the presence of other witnesses, where a witness refused to be recorded, and where a witness insisted on scheduling his interview outside of regular business hours. *Id.* at 190–91 (recapping caselaw). "The

trial court in its discretion may determine in a given case whether the witness is cooperative or uncooperative, and an appellate court will seldom interfere with the exercise of this discretion." *Id.* at 190.

¶6        Here, the witnesses agreed to be interviewed but placed a one-hour time restriction on the interviews. Horne points out that under Arizona Rule of Criminal Procedure 15.3(d)(1) and Arizona Rule of Civil Procedure 30(d)(1), depositions are presumptively limited to four hours. But the rules do not preclude a determination that one-hour interviews will be adequate in a particular case. Horne speculates that the hour-long interviews will be insufficient to develop his defense. But, it is not until the interviews have been conducted and cut short that Horne could argue that additional time with the witnesses is needed.

¶7        Additionally, nothing in the municipal court's rulings would preclude Horne from requesting follow-up interviews if necessary. The superior court did not abuse its discretion by declining jurisdiction based on the absence of apparent error. We therefore affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV