629 P.2d 94

Juliet McCOWN and Robert Westman,
Petitioners/Appellants,

v.

PATAGONIA UNION HIGH SCHOOL
DISTRICT; Patagonia Union High
School District Board of Education;
Ray Kunde, Doris Seibold, Nick Laguna,
Jean Smith, John Urias, in their repre-
sentative capacity; and Joseph M. Lan-
davazo, Superintendent, Respon-
dents/Appellees.

No. 2 CA–CIV 3745.

Court of Appeals of Arizona,
Division 2.

March 13, 1981.

Rehearing Denied April 29, 1981.

Review Denied May 27, 1981.

Gonzales & Villarreal by Richard J. Gon-
zales, Tucson, for petitioners/appellants.

Richard N. Groves, Santa Cruz County
Atty. by William Rothstein and Thomas C.
Reed, Nogales, for respondents/appellees.

OPINION

HOWARD, Judge.

This is an appeal from the trial court's
order denying relief in a special action.
The issue is whether appellants were pro-
vided with sufficient notice of an executive
session of the school board held pursuant to
A.R.S. Sec. 38–431.02(A)(2) of our Open
Meeting Law. We shall consider the facts
in the light most favorable to upholding the
trial court.

Appellants were certified probationary
teachers who had been employed by the
school district for three years. A total of
eighteen teachers was employed by the dis-
trict. The notice at issue here concerned an
executive session which was to be held in
conjunction with the regular meeting of the
school board on April 9, 1980. The notice,
posted in various places, stated that the
renewal of contracts of certified personnel
would be discussed at the executive session.
Appellants saw the notice but did not be-
lieve it pertained to them. At the execu-
tive session the superintendent of the dis-
trict recommended that appellants' con-
tracts not be renewed for the school year
1980–81. Although the members of the
board knew prior to the executive session
that renewal or non-renewal of teaching
contracts would be discussed, they did not
know that the superintendent was going to

recommend that appellants' contracts not be renewed. When the executive session ended, the school board reconvened for its regular session and in open session voted not to renew appellants' contracts.

Appellants contend they were not given reasonable notice of the executive session. Relying principally on the case of *Rice v. Union County Regional High School Board of Education*, 155 N.J.Super. 64, 382 A.2d 386 (1977), they argue that they were entitled to personal notice that the renewal of *their* contracts was going to be discussed at the executive session. We do not agree.

■ Members of the school board may discuss or consider employment matters in a closed executive session. A.R.S. Sec. 38–431.03(A); *Hokanson v. High School District No. Eight (8) of Pima County*, 121 Ariz. 264, 589 P.2d 907 (App.1978). An employee may, however, demand that discussion concerning him or her occur at a public meeting, A.R.S. Sec. 38–431.03(A)(1), and such employee is therefore entitled to reasonable notice of the fact that such discussions may take place so that he or she may opt for a public meeting.

■ The notice here informed all teachers, including appellants who were certified teachers as defined in A.R.S. Sec. 15–251(A)(1), that their contracts would be discussed and we believe that that constituted reasonable notice. Nothing prevented appellants from informing the board, prior to the executive session, that if their contracts were going to be discussed, they desired that the discussion be held in an open meeting. The *Rice* case is factually distinguishable. There, the school board went into executive session, telling those present that it was going to discuss personnel matters. Everyone knew that the topic for discussion was the reduction of personnel so that a budget which would be acceptable to the voters could be approved. At least one week prior to the executive session, the board members had a list of 17 teachers who were going to be dismissed. The court held that these members were entitled to personal notice.

The differences between *Rice* and the instant case are evident. The board members in *Rice* knew well in advance the names of those teachers who were going to be dismissed. The same was not true here. More important, while the teachers in *Rice* knew that the continued employment of personnel was going to be discussed, they had no idea which employees would be the subject of discussion. That was not the case here where the group involved was not the broad, undefined group in *Rice*, but rather a very narrow one, i. e. all certified teachers who happened to be in the number of 18. The notice given was reasonable.

Affirmed.

BIRDSALL, J., and FAHRINGER, Superior Court Judge, concur.

NOTE: Chief Judge JAMES D. HATHAWAY having recused himself in this matter, Judge PHILIP FAHRINGER was called to sit in his stead and participate in the determination of this decision.