IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

APR 18 2008

COURT OF APPEALS
DIVISION TWO

DENNIS BRODSKY,                          )
                                         )
                  Petitioner/Appellant,  )      2 CA-CV 2007-0117
                                         )      DEPARTMENT B
             v.                          )
                                         )      O P I N I O N
THE STATE OF ARIZONA,                    )
                                         )
        Real Party in Interest/Appellee. )
                                         )

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C20071761

Honorable Howard Fell, Judge Pro Tempore

AFFIRMED

Gregory D. D'Antonio                                                    Tucson
                                               Attorney for Petitioner/Appellant

Michael G. Rankin, Tucson City Attorney
  By Laura Brynwood and William F. Mills                               Tucson
                                          Attorneys for Real Party in Interest/
                                                                      Appellee

V Á S Q U E Z, Judge.

**¶1** Appellant Dennis Brodsky appeals from the superior court's denial of relief in a special action challenging the Tucson City Court's refusal to dismiss his driving under the extreme influence of intoxicating liquor (extreme DUI) charge on double jeopardy grounds. He contends the administrative seizure and impoundment of his vehicle pursuant to A.R.S. § 28-3511 following his arrest constitutes punishment barring further prosecution of the underlying DUI offense. For the following reasons, we affirm.

## Facts and Procedural Background

**¶2** When reviewing the superior court's denial of relief in a special action, we view the facts in the light most favorable to upholding the court's ruling. *McCown v. Patagonia Union High Sch. Dist.*, 129 Ariz. 127, 127, 629 P.2d 94, 94 (App. 1981). On July 23, 2006, Brodsky was arrested and charged with extreme DUI, in violation of A.R.S. § 28-1382(A). When the police officer activated his emergency lights to make the stop, Brodsky was driving in the vicinity of his apartment so he pulled into his assigned parking space at the apartment complex. Following his arrest, Brodsky was taken to the police station for a breathalyzer test. He was then transported back to his apartment and his vehicle was towed and impounded for thirty days pursuant to § 28-3511. Brodsky apparently did not request a hearing to contest the impoundment, A.R.S. § 28-3514, or pay towing and storage charges for the release of his vehicle at the end of the thirty-day period as required by A.R.S. § 28-3512. The car was thus abandoned to the towing company. *See* A.R.S. § 28-3515.

2

¶3    In August 2006, Brodsky was arraigned in Tucson City Court on the extreme DUI charge. He moved to dismiss the charge on the ground of double jeopardy, claiming the criminal prosecution was barred because he had already been punished by the administrative impoundment of his vehicle. A Tucson City Court judge denied the motion, and Brodsky filed a petition for special action in the superior court. The superior court accepted jurisdiction but denied relief. This appeal followed. We have jurisdiction under A.R.S. § 12-2101(B); *see also City of Tucson v. Valencia*, 21 Ariz. App. 148, 149, 517 P.2d 106, 107 (1973).

**Discussion**

¶4    Brodsky argues that his criminal prosecution on the underlying extreme DUI charge violates the Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and article II, § 10 of the Arizona Constitution.[1] We generally review a superior court's denial of relief in a special action for an abuse of discretion. *Stoudamire v. Simon*, 213 Ariz. 296, ¶ 3, 141 P.3d 776, 777 (App. 2006). However, to the extent the resolution of an issue depends on statutory interpretation, we review the superior court's ruling de novo. *State ex rel. Brannan v. Williams*, 217 Ariz. 207, ¶ 4, 171 P.3d 1248, 1250-51 (App. 2007).

---

[1]"The double jeopardy protections extended by the Arizona Constitution are coextensive with those provided by its federal counterpart." *Lemke v. Rayes*, 213 Ariz. 232, n.2, 141 P.3d 407, 411 n.2 (App. 2006), *citing State v. Minnitt*, 203 Ariz. 431, ¶ 27, 55 P.3d 774, 780 (2002). We thus apply the same interpretation to both. *State v. Gravano*, 210 Ariz. 101, ¶ 16, 108 P.3d 251, 255 (App. 2005).

**¶5** The Double Jeopardy Clause protects a defendant from multiple prosecutions and multiple punishments for the same offense. *United States v. Dixon*, 509 U.S. 688, 696, (1993); *State v. Cook*, 185 Ariz. 358, 360-61, 916 P.2d 1074, 1076-77 (App. 1995). As he did below, Brodsky contends "the loss of use of the vehicle, the administrative fine and the charges for impoundment as well as the ultimate loss of the vehicle each serve as a 'punishment' that [he] has already endured thus precluding further criminal prosecution." He relies on *United States v. Halper*, 490 U.S. 435 (1989), for the proposition that a civil sanction may constitute punishment if it furthers the traditional goals of retribution and deterrence, regardless of how the sanction is labeled. In *Halper*, the Court held that any sanction so "overwhelmingly disproportionate" that it does not solely serve a remedial purpose was subject to double jeopardy constraints. *Id.* at 449.

**¶6** However, as the superior court pointed out, the Court overruled *Halper* in *Hudson v. United States*, 522 U.S. 93, 101-02 (1997), concluding that its "deviation from longstanding double jeopardy principles was ill considered," and its test for determining whether a particular sanction constitutes punishment "ha[d] proved unworkable." The Court further noted that "the Double Jeopardy Clause does not prohibit the imposition of all additional sanctions that could, '"in common parlance,"' be described as punishment." 522 U.S. at 98-99, *quoting United States ex rel. Marcus v. Hess*, 317 U.S. 537, 549 (1943), *quoting Moore v. Illinois*, 55 U.S. 13, 20 (1852).

**¶7** Under *Hudson*, a sanction qualifies as punishment for double jeopardy purposes only if the legislature intended the penalty to be criminal in nature or if, '"by the

4

clearest proof,'" the purpose or effect of the penalty is so punitive as to transform it into a criminal penalty. 522 U.S. at 99-101, *quoting United States v. Ward*, 448 U.S. 242, 249 (1980); *see also State v. Gravano*, 210 Ariz. 101, ¶¶ 11-12, 108 P.3d 251, 254-55 (App. 2005).

¶8 We believe the Arizona legislature intended the vehicle immobilization or impoundment statutes to establish civil penalties, and not criminal punishment. Section 28-3471, A.R.S., provides that a person who violates a provision of Title 28, Chapter 8 "is subject to a civil penalty unless a different classification is provided by law." All of the provisions at issue were enacted as part of this chapter. Section 28-3511(C) provides that "while a peace officer has control of [a] vehicle the peace officer shall cause the removal and either immobilization or impoundment of the vehicle if the peace officer has probable cause to arrest the driver of the vehicle for a violation of . . . § 28-1382." The immobilization or impoundment shall be for thirty days pursuant to § 28-3511(E). Section 28-3513(A), A.R.S., imposes "a charge for administrative costs relating to the removal, immobilization, impoundment, storage or release of a vehicle." And § 28-3512(C) provides that "[t]he owner . . . is responsible for paying all immobilization, towing and storage charges related to the immobilization or impoundment of the vehicle and any administrative charges established pursuant to section 28-3513." Finally, the "poststorage hearings conducted by a justice court [are] considered as civil filings." A.R.S. § 28-3514(B). *See Wong Wing v. United States*, 163 U.S. 228, 235 (1896) (quintessential criminal punishments may be imposed only "by a judicial trial").

5

**¶9** Having made this determination, we must "inquire[] further whether the statutory scheme [is] so punitive either in purpose or effect, as to transform what was clearly intended as a civil remedy into a criminal penalty." *Hudson*, 522 U.S. at 99 (internal quotations and citations omitted). In making this determination, we may consider a number of factors, including:

> (1) "[w]hether the sanction involves an affirmative disability or restraint"; (2) "whether it has historically been regarded as a punishment"; (3) "whether it comes into play only on a finding of scienter"; (4) "whether its operation will promote the traditional aims of punishment-retribution and deterrence"; (5) "whether the behavior to which it applies is already a crime"; (6) "whether an alternative purpose to which it may rationally be connected is assignable for it"; and (7) "whether it appears excessive in relation to the alternative purpose assigned."

*Id.* at 99-100, *quoting Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69 (1963); *see also Gravano*, 210 Ariz. 101, ¶ 12, 108 P.3d at 255.

**¶10** Applying these factors, we note that money penalties and even the more extreme penalty of forfeiture of property have historically been viewed as civil remedies and not as criminal punishment. *United States v. Ursery*, 518 U.S. 267, 270-71 (1996) (civil in rem forfeiture); *Helvering v. Mitchell*, 303 U.S. 391, 399-400 (1938) (money penalties). And neither of these penalties involve an "affirmative disability or restraint" approaching the "'infamous punishment' of imprisonment." *Hudson*, 522 U.S. at 104, *quoting Flemming v. Nestor*, 363 U.S. 603, 617 (1960).

**¶11** The statute under which Brodsky's vehicle had been impounded and the charges imposed, § 28-3511, requires only that an officer have probable cause to arrest a

6

driver for being in physical control of a vehicle while under the extreme influence of intoxicating liquor, "without regard to the [driver]'s state of mind." *Hudson*, 522 U.S. at 104. Although the conduct for which these sanctions were imposed may also be criminal, this is "insufficient to render [the sanctions] criminally punitive." *Id.* at 105. And, the sanctions here have the public safety purpose of restricting the access of drivers charged with extreme DUI to their vehicles, as well as the fiscal purpose of reimbursing the government and its contractors for the costs of towing and storing the vehicles and any consequential administrative costs. The fact that a sanction may also deter future wrongdoing "is insufficient to render [it] criminal, as deterrence 'may serve civil as well as criminal goals.'" *Id., quoting Ursery*, 518 U.S. at 292. Thus, we find that Brodsky has not offered the "clearest proof" that the statutes providing for the temporary impoundment of his car and the assessment of an administrative fine and impoundment charges were so punitive in purpose or effect to transform them into criminal punishments.[2]

**¶12** Brodsky nevertheless argues that the "ultimate loss" of his vehicle constitutes punishment for double jeopardy purposes. We disagree. The loss of his car does not implicate double jeopardy because it was apparently the result of his failure to request a

---

[2]To determine whether the civil penalties imposed on Brodsky constitute punishment for double jeopardy purposes, we consider the factors in *Hudson* and *Gravano* "in relation to the statute on its face." *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69 (1963); *see Gravano*, 210 Ariz. 101, ¶ 12, 108 P.3d at 254 (inquiry is whether the "statutory scheme" is punitive). To the extent Brodsky argues that the impoundment of his car was unreasonable under the particular circumstances of his case, the appropriate forum for such an argument was a post-storage hearing pursuant to A.R.S. § 28-3514, which he apparently did not request.

post-storage hearing or pay the charges related to its impoundment, § 28-3512(C), not based on his act of driving the vehicle while impaired. "[T]he Double Jeopardy Clause, which guards against Government oppression, does not relieve a defendant from the consequences of his voluntary choice." *United States v. Scott*, 437 U.S. 82, 99 (1978); *see also Ferreira v. Superior Court*, 189 Ariz. 4, 8-9, 938 P.2d 53, 56-57 (App. 1996) (holding uncontested forfeiture action did not implicate double jeopardy barring subsequent criminal prosecution).[3]

**Disposition**

¶13　　　For the reasons stated above, we affirm the superior court's denial of relief. Because this decision resolves his appeal on the merits, Brodsky's request for an interlocutory stay, which he raised as an argument in his opening brief, is now moot. And, because Brodsky is not the prevailing party, he is not entitled to an award of attorney fees or costs pursuant to A.R.S. § 12-348.

_____
GARYE L. VÁSQUEZ, Judge

CONCURRING:


_____

[3]As we have noted, even in the context of a contested forfeiture action, the United States Supreme Court has held that civil forfeiture under federal statutes does not constitute punishment for purposes of the Double Jeopardy Clause. *United States v. Ursery*, 518 U.S. 267, 271 (1996); *see also Gravano*, 210 Ariz. 101, ¶ 10, 108 P.3d at 254.

PETER J. ECKERSTROM, Presiding Judge

_____
PHILIP G. ESPINOSA, Judge