**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5011-16T3

R.D.A.,

    Plaintiff-Appellant,

v.

HUNTERDON CENTRAL REGIONAL
HIGH SCHOOL DISTRICT BOARD
OF EDUCATION and SUPERINTENDENT
CHRISTINA STEFFNER,

    Defendants-Respondents.

_____

Submitted May 30, 2018 — Decided June 29, 2018

Before Judges Hoffman and Gilson.

On appeal from Superior Court of New Jersey,
Law Division, Hunterdon County, Docket No.
L-0128-17.

Brickfield & Donahue, attorneys for appellant
(Joseph R. Donahue, on the brief).

Comegno Law Group, PC, attorneys for
respondents (Alicia D. Hoffmeyer, on the
brief).

PER CURIAM

    Plaintiff, R.D.A., appeals from a June 27, 2017 order

dismissing with prejudice his complaint in lieu of prerogative

writs, which sought to vacate a decision by defendant Hunterdon Central Regional High School District Board of Education (Board) to refer tenure charges against him to the Commission of Education, and to have those tenure charges dismissed. His complaint alleged that the Board held two meetings in violation of the Open Public Meetings Act (OPMA), N.J.S.A. 10:4-1 to -21, and failed to give him notice of those meetings in accordance with <u>Rice v. Union County Regional High School Board of Education</u>, 155 N.J. Super. 64 (App. Div. 1977). We affirm because the action in lieu of prerogative writs was time-barred and otherwise lacks merit.

## I.

Plaintiff was a tenured teacher at Hunterdon Central Regional High School. He began teaching at the high school in 2004, and was tenured in 2007. During the 2015-2016 school year, plaintiff taught Advanced Placement Chemistry (AP Chemistry) and College Prep Chemistry (CP Chemistry).

On May 6, 2016, a parent of a student taking plaintiff's AP Chemistry class sent an email to plaintiff's supervisor. The student had informed the parent that plaintiff told the class that he did not plan to teach for the remainder of the year because the class already took the AP exam. The student also informed the parent that plaintiff told the class that he was going to have

them watch videos and do study halls.  The parent wrote to question that plan.

Plaintiff's supervisor forwarded the email to plaintiff stating:

> Do you have a response to this?  I'm assuming that you are trying to make a point.  If not, understand that you are under contract (even if the new one hasn't been negotiated yet) until June 30th.

In response, plaintiff sent his supervisor four emails, three of which included the expletive "f***," and two of which stated that he was very "angry."  In his fourth email, plaintiff responded in more detail.  Plaintiff explained his lesson plan for the remainder of the year, which he described as "a sort of mini-course of video lectures by college professors that would show the kids real-world & scientific research applications of the things we learned in class."  He also stated that he had some trouble with two students, whom he named.  Thereafter, he discussed the final grade of one of the students, and stated that he had raised her grade but now intended to lower her grade back down to the original one.  He then expressed his disappointment on how his supervisor handled this situation and stated: "Frankly, f*** you."  Plaintiff also sent the fourth email to his wife, two school counselors, and the parent.

3

The high school principal, district superintendent, and president of the Board were advised of the email exchange. Plaintiff was suspended with pay and an investigation of his actions was commenced.

At a May 16, 2016 meeting, the entire nine-member Board discussed plaintiff's suspension. Before that meeting, plaintiff was sent a Rice notice[1] informing him that his employment would be discussed at the Board meeting. Plaintiff requested that the discussion take place in an open session. Accordingly, students and parents attended the May 16, 2016 Board meeting, some of whom spoke on plaintiff's behalf. Plaintiff also spoke at the meeting.

On May 25, 2016, the Board's secretary sent all of the Board members an email inviting them to one of two meetings to be held on June 6, 2016. Specifically, that email stated:

> The Department Supervisors have asked to meet
> with the Board of Education to address
> erroneous statements made during our last
> Board meeting. They are scheduled to meet
> with the Curriculum Committee on Monday, June
> 6, at 6:00 p.m. and would like to meet with
> the remainder of the board at 7:00 p.m. on
> that same evening to avoid a quorum at the

_____

[1] As discussed in more detail later, in Rice we noted that N.J.S.A. 10:4-12(b)(8) authorized public bodies to discuss personnel matters in executive sessions "unless all the individual employees or appointees whose rights could be adversely affected request in writing that the matter or matters be discussed at a public meeting[.]" 155 N.J. Super. at 70. To give meaning to the right to have a public meeting, we held that the affected employees must be given advance notice. Id. at 74.

> Curriculum meeting. As you know, a quorum of the Board may not convene outside an advertised meeting.
>
> Please respond to this email to let me know your preference of 6:00 or 7:00 p.m. on Monday, June 6. We have up to two open spots at 6:00.

Two meetings were then held on June 6, 2016. Neither the public nor plaintiff was given prior notice of those meetings. The Curriculum Committee met at 6 p.m., with four Board members attending. The second meeting, attended by three different Board members, was held at 7 p.m. Also in attendance at the meetings were district officials and school supervisors. At both meetings, plaintiff was discussed. There was not a quorum of the Board at either meeting, because a quorum would have involved five Board members.

On June 15, 2016, plaintiff was served with tenure charges and informed that his employment would be discussed at a non-public meeting of the Board. Plaintiff submitted a written response to the tenure charges on June 24, 2016. Thereafter, on June 30, 2016, the Board met in executive session. At that meeting, the Board voted to certify the tenure charges against plaintiff to the Commissioner of Education (Commissioner).

The Commissioner in turn referred the charges to an arbitrator. Between September 2016 and March 2017, the arbitrator

A-5011-16T3

heard thirteen days of testimony from twenty-eight witnesses, including plaintiff.

On March 30, 2017, after all of the evidence had been submitted to the arbitrator, but before the arbitrator had issued her ruling, plaintiff filed his complaint in lieu of prerogative writs. He alleged that the Board violated his due process rights, OPMA, and his right to notice under Rice. Plaintiff sought to enjoin the Board from continuing the tenure arbitration. He also sought to declare the Board's action on June 30, 2016 void and to enjoin the Board from filing new tenure charges against him. The Board responded by moving to dismiss plaintiff's complaint for failure to state a claim.

On June 7, 2017, the arbitrator issued her opinion and award. In a forty-eight-page written opinion, the arbitrator ruled that plaintiff had engaged in conduct unbecoming a public employee by threatening retaliation against a student, directing profanity at his supervisor, and violating the confidentiality and privacy of students. The arbitrator then ruled that the Board had just cause to terminate plaintiff's employment.

On June 12, 2017, the trial court heard oral argument on the Board's motion to dismiss plaintiff's complaint. Shortly thereafter, on June 27, 2017, the court entered an order granting the motion. In an oral decision rendered on June 27, 2017, the

court explained its reasons. The trial court ruled that the tenure charges were properly pursued in compliance with the Tenure Employees Hearing Law (Tenure Act), N.J.S.A. 18A:6-10 to -18.1. The court also ruled that OPMA did not apply to the meetings held on June 6, 2016,[2] and the Board was not required to send plaintiff a <u>Rice</u> notice of those meetings.

Plaintiff appeals from the June 27, 2017 order dismissing his complaint with prejudice.

II.

We review de novo an order dismissing a complaint for failure to state a claim. <u>State ex rel. Campagna v. Post Integrations, Inc.</u>, 451 N.J. Super. 276, 279 (App. Div. 2017). "When reviewing a motion to dismiss under <u>Rule</u> 4:6-2(e), we assume that the allegations in the pleadings are true and afford the pleader all reasonable inferences." <u>Sparroween, LLC v. Twp. of W. Caldwell</u>, 452 N.J. Super. 329, 339 (App. Div. 2017) (citation omitted). "Where, however, it is clear that the complaint states no basis for relief and that discovery would not provide one, dismissal of the complaint is appropriate." <u>Ibid.</u> (quoting <u>J.D. ex rel. Scipio-Derrick v. Davy</u>, 415 N.J. Super. 375, 397 (App. Div. 2010)).

---

[2] The trial court referenced two meetings — the first on June 6, 2016, and a second on June 9, 2016. Plaintiff correctly points out that both meetings were held on June 6, 2016.

7

We affirm the order dismissing plaintiff's action in lieu of prerogative writs on two grounds. First, the action is time-barred. Second, there was no violation of the OPMA or the requirements of Rice.

A. The Statute of Limitations

The trial court did not base its ruling on the time limitation. Nevertheless, defendants raised that as a basis for dismissal in the trial court. We rely on the statute of limitations as an alternative grounds for affirming the order of dismissal. See State v. Williams, 444 N.J. Super. 603, 617 (App. Div. 2016) ("It is well-established that a reviewing court can affirm a decision on different grounds than those authorities offered by the court being reviewed.").

Actions taken at a meeting in violation of OPMA are to be challenged within forty-five days in an action in lieu of prerogative writs. N.J.S.A. 10:4-15(a); R. 4:69-6; see also Mason v. City of Hoboken, 196 N.J. 51, 68-69 (2008) (applying the forty-five-day limitation for actions brought under OPMA, to actions brought under OPRA). While Rule 4:69-6(c) provides that a "court may enlarge the period of time . . . where it is manifest that the interest of justice so requires[,]" no such interest applies here.

Plaintiff complains about two meetings that took place on June 6, 2016. His action in lieu of prerogative writs was filed on March 30, 2017. Plaintiff contends that his delay was due to the Board's efforts to conceal the existence of the meetings on June 6, 2016. The record does not support that contention. On December 5, 2016, in response to a request for documents under the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, plaintiff was given documents showing that there were meetings on June 6, 2016. Plaintiff, thereafter, continued to fully participate in the arbitration concerning his tenure charges. Indeed, plaintiff raised the June 16, 2016 meetings in the arbitration and his counsel questioned several witnesses about those meetings. Plaintiff, however, waited to file his action in lieu of prerogative writs until after all of the evidence was submitted to the arbitrator — more than nine months after the June 6, 2016 meetings and more than 100 days after plaintiff was given documents concerning the June 6, 2016 meetings. No manifest interest of justice supports an enlargement of the forty-five-day limitation period under these circumstances. To the contrary, the record here demonstrates that plaintiff was seeking to pursue both the arbitration and an action in lieu of prerogative writs at the same time.

 A-5011-16T3

B.  OPMA and <u>Rice</u>

Although we hold the action time-barred, we nevertheless address the appeal on the merits, because that was the basis on which the trial court dismissed the action.  Substantively, plaintiff makes two primary arguments on this appeal.  First, he contends that the Board was required to give public notice of the meetings on June 6, 2016, and the Board's failure to do so was a violation of OPMA.  Second, he argues that he was entitled to a <u>Rice</u> notice of the meetings on June 6, 2016, because his employment was discussed at those meetings.  We disagree.

To place these arguments in context, we briefly summarize the relevant portions of OPMA, <u>Rice</u> notice, and the Tenure Act.  We also point out that plaintiff has not appealed from the arbitrator's decision and, thus, that final, binding ruling is not before us.  <u>See</u> N.J.S.A. 18A:6-17.1(e).

OPMA addresses the right of the public "to have adequate advance notice of and the right to attend all meetings of public bodies at which any business affecting the public is discussed or acted upon in any way," with certain exceptions.  <u>Times of Trenton Publ'g Corp. v. Lafayette Yard Cmty. Dev. Corp.</u>, 183 N.J. 519, 529 (2005) (quoting N.J.S.A. 10:4-7).  To protect that right, OPMA establishes requirements for public bodies regarding adequate notice to the public of scheduled meetings and items to be

discussed and acted upon.  N.J.S.A. 10:4-9 to -10, -18 to -19. OPMA also requires that meetings be open to the public, unless they fall within exceptions under N.J.S.A. 10:4-12(b).  In addition, the minutes of the meetings must be available to the public.  N.J.S.A. 10:4-14.

The failure to invite a portion of the members of a public body to a meeting "for the purpose of circumventing" OPMA's provisions is prohibited.  N.J.S.A. 10:4-11.  Any action taken by a public body at a meeting that does not conform to OPMA's requirements is voidable in a proceeding in lieu of prerogative writs.  N.J.S.A. 10:4-15; see Allen-Dean Corp. v. Twp. of Bedminster, 153 N.J. Super. 114, 120 (App. Div. 1977) (nullifying any action taken at a nonconforming meeting under OPMA).  OPMA also provides for injunctive relief and establishes a penalty for knowing violations.  N.J.S.A. 10:4-16 to -17.

The scope of OPMA is defined by the terms "public body," "meeting," and "public business."  Here, there is no dispute that the Board is a public body.  See N.J.S.A. 10:4-8(a).

Under OPMA, a "meeting" means

> any gathering . . . which is attended by, or open to, all of the members of a public body, held with the intent, on the part of the members of the body present, to discuss or act as a unit upon the specific public business of that body.  Meeting does not mean or include any such gathering (1) attended by less than

an effective majority of the members of a
public body, or (2) attended by or open to all
the members of three or more similar public
bodies at a convention or similar gathering.

[N.J.S.A. 10:4-8(b).]

Public business is defined as "all matters which relate in any

way, directly or indirectly, to the performance of the public

body's functions or the conduct of its business."   N.J.S.A.

10:4-8(c).

In Rice, we construed section 12(b) of OPMA.   N.J.S.A.

10:4-12(b).   That provision, in relevant part, states that a public

body may exclude the public from a portion of a meeting at which

the public body discusses any

matter involving the employment, appointment,
termination of employment, terms and
conditions of employment, evaluation of the
performance of, promotion, or disciplining of
any specific prospective public officer or
employee or current public officer or employee
employed or appointed by the public body,
unless all the individual employees or
appointees whose rights could be adversely
affected request in writing that the matter
or matters be discussed at a public meeting[.]

[N.J.S.A. 10:4-12(b)(8).]

To give meaning to the provision that affords affected public

employees the right to a public discussion, we held that the

employees were entitled to reasonable advance notice of the

meeting.  Rice, 155 N.J. Super. at 74.

The Tenure Act establishes the grounds and procedures for dismissing or reducing the compensation of tenured employees. N.J.S.A. 18A:6-10. In terms of procedure, the Tenure Act requires: (1) the charge be filed with the secretary of the board in writing; (2) a written statement of evidence under oath submitted in support of the charge; (3) an opportunity for the employee to respond in writing; (4) a determination by a majority of the board that there is probable cause to credit the evidence in support of the charge; (5) notification to the employee of the board's determination; and (6) if credited, the charge to be forwarded to the Commissioner. N.J.S.A. 18A:6-11. The Tenure Act expressly states that a board's consideration and action "as to any charge shall not take place at a public meeting." Ibid.

If the Commissioner determines that "the charge is sufficient to warrant dismissal or reduction in salary . . . he [or she] shall refer the case to an arbitrator . . . ." N.J.S.A. 18A:6-16. The Tenure Act then prescribes certain procedures for the arbitration. N.J.S.A. 18A:6-17.1. In addition, the Tenure Act provides: "The arbitrator's determination shall be final and binding and may not be appealable to the [C]ommissioner or the State Board of Education. The determination shall be subject to judicial review and enforcement as provided pursuant to [N.J.S.A. 2A:24-7 to -10]." N.J.S.A. 18A:6-17.1(e).

Here, plaintiff was charged with unbecoming conduct, a recognized grounds for dismissal under the Tenure Act. N.J.S.A. 18A:6-10. The Board conducted an investigation and prepared charges supported by a written statement of evidence, certified to by the superintendent. Plaintiff was given a copy of the statement of tenure charges on June 15, 2016. He responded in writing on June 24, 2016. The full Board considered the tenure charges in a non-public meeting held on June 30, 2016. The majority of the Board found probable cause to credit the evidence supporting the charges. The Board then gave notice to plaintiff and certified the charges to the Commissioner. All of those actions and procedures were in compliance with the Tenure Act.

The meetings on June 6, 2016, did not taint the tenure charges against plaintiff. No action was taken by the Board at those meetings. While we assume that plaintiff's employment was discussed, no vote was taken on the tenure charges. Indeed, no quorum of Board members was present at either meeting. See Gandolfi v. Town of Hammonton, 367 N.J. Super. 527, 539-40 (App. Div. 2004) (holding that a planning board's closed meeting did not violate OPMA where there was not a quorum and no action was taken). In addition, since there was no quorum, there was no requirement for a Rice notice. See N.J.S.A. 10:4-8(b) (defining meeting, in

14

part, as requiring "an effective majority of the members of a public body").

Just as importantly, following the June 6, 2016 meetings, on June 30, 2016, the entire Board met, considered, and voted on the tenure charges against plaintiff. Plaintiff was given notice of the June 30, 2016 Board meeting. The meeting on June 30, 2016 complied with the Tenure Act and did not violate OPMA or Rice. Consequently, there is no basis to void the action taken by the Board on June 30, 2016. There is also no basis to enjoin or void the arbitration on the tenure charges.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5011-16T3