**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2227-24

EHIMWENMA ADEYIN,

     Petitioner-Respondent,

v.

BOARD OF EDUCATION OF
THE CITY OF ORANGE, ESSEX
COUNTY,

     Respondent-Appellant.

_____

Submitted November 19, 2025 – Decided December 2, 2025

Before Judges Mayer and Vanek.

On appeal from the New Jersey Commissioner of Education, Docket No. 221-7/24.

Murphy Orlando, LLC, attorneys for appellant (Tyler Newman, on the briefs).

Schwartz Law Group, LLC, attorneys for respondent Ehimwenma Adeyin (John T. Farinella, of counsel and on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent Commissioner of Education (Luke D.

Hertzel-Lagonikos, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Appellant Board of Education of the City of Orange (the Board) appeals from a February 7, 2025 final agency decision (FAD) by respondent New Jersey Department of Education (the DOE) that ordered renewal of an employment contract to respondent non-tenured assistant principal Ehimwenma Adeyin after the Board failed to give timely notice of nonrenewal pursuant to N.J.S.A. 18A:27-10.  We affirm.

I.

In January 2023, Adeyin began working as an assistant principal at Rosa Parks Community School.  The Board renewed Adeyin's contract for the 2023-2024 school year and permitted her to participate in a two-year program to obtain a DOE certification for the position of principal.

On May 7, 2024, the Board emailed a <u>Rice</u> notice to Adeyin advising that action regarding her employment may be discussed during the closed session of the May 8 Board meeting.[1]  During a May 7 virtual meeting with Adeyin, the

---

[1] Under N.J.S.A. 10:4-12 and <u>Rice v. Union Cnty. Reg'l High Sch. Bd. of Ed.</u>, 155 N.J. Super. 64, 72 (App. Div. 1977), public employees are permitted to "have a public discussion of his or her personnel matter" after notification of the public entity's intention to discuss their personnel issue in executive session.

Superintendent of Schools verbally notified her that the Board did not intend to renew her contract for the 2024-2025 school year.

The following day, the Board sent an email to Adeyin stating "[n]o decisions regarding non-renewals have been made yet." The email further notified Adeyin that if she was not offered a contract after the May 8 Board meeting, she could request a <u>Donaldson</u> hearing[2] which would be held in June 2024. No action was taken on Adeyin's contract at the May 8 meeting.

On May 15, the Board distributed a "reappointment list" to all staff members, including Adeyin.[3] Adeyin's name did not appear on the list. Two days later, Adeyin informed the Board that she accepted its de facto renewal of her contract as "prescribed by N.J.S.A. 18A:27-11." The following day, the Board informed Adeyin that it was not renewing her contract, purportedly confirming the "official notice of non-renewal" the Board had sent to Adeyin on May 6, 2024.

---

[2] Under <u>Donaldson v. Bd. of Ed. of City of N. Wildwood</u>, 65 N.J. 236 (1974), nontenured teachers are permitted to request a hearing where administrators are obligated to provide reasons for their decision not to renew their contract.

Adeyin appeared for a <u>Donaldson</u> hearing on June 12 and received notice on June 13 that the Board "decided not to overturn the non-renewal" and terminated Adeyin's employment effective June 30, 2024.

On July 16, Adeyin appealed to the Commissioner of Education (Commissioner), seeking a determination that the Board's noncompliance with applicable statutory notice requirements invalidated its termination of her employment. After the Board filed an answer asserting compliance with the statutory notice requirements, the matter was transferred to the Office of Administrative Law (OAL) for a determination by an Administrative Law Judge (ALJ).

Adeyin moved for summary decision, which the ALJ in an initial decision recommended granting and requiring the Board to issue Adeyin a contract for the following year "with all back pay and emoluments owed" for the reasons set forth in her written decision. The ALJ found the Board failed to give Adeyin written notice of non-renewal by the deadline under N.J.S.A. 18A:27-10 and, in accordance with N.J.S.A. 18A:27-11, "the Board was deemed to have offered [Adeyin] continued employment."

The ALJ rejected the Board's argument that it substantially complied with the statutory notice requirements and found the Board asserted "no facts . . . to

substantiate a reasonable explanation" for its failure to comply. Additionally, the ALJ found that Adeyin suffered prejudiced due to the Board's failure because "[b]ut for the breach of the Board's statutory and contractual obligations," Adeyin would have been able to complete the courses necessary to obtain a principal's certification.

Neither party filed exceptions to the ALJ's decision. On February 7, the DOE issued a FAD which fully adopted the ALJ's initial decision and directed the Board to issue an employment contract to Adeyin for the 2024-2025 term.

The Board contends on appeal that Adeyin's summary decision motion was improvidently granted because the record before the DOE contained genuine issues of material fact. The Board also argues that it substantially complied with N.J.S.A. 18A:27-10 and the DOE's decision was arbitrary and capricious.

II.

Our review of a quasi-judicial agency determination is limited. Allstars Auto. Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) (citing Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)); see Mazza v. Bd. of Trs., Police & Firemen's Ret. Sys., 143 N.J. 22, 25 (1995) ("In light of the executive function of administrative agencies, judicial capacity to

review administrative actions is severely limited"). We review agency decisions under an arbitrary and capricious standard, Zimmerman v. Sussex Cnty. Educ. Servs. Comm'n, 237 N.J. 465, 475 (2019), considering

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Allstars, 234 N.J. at 157 (quoting In re Stallworth, 208 N.J. 182, 194 (2011)).]

"An agency's final decision is plainly unreasonable and violates express or implied legislative direction if it gives 'a statute any greater effect than is permitted by the statutory language[,] ... alter[s] the terms of a legislative enactment[,] . . . frustrate[s] the policy embodied in the statute . . . [or] is plainly at odds with the statute.'" Patel v. N.J. Motor Vehicle Comm'n, 200 N.J. 413, 420 (2009) (quoting T.H. v. Div. of Developmental Disabilities, 189 N.J. 478, 491 (2007)).

When considering mixed questions of law and fact, we defer to the agency's supported factual findings but review de novo the application of legal principles to its factual findings. See Campbell v. N.J. Racing Comm'n, 169

6

N.J. 579, 588 (2001) ("When resolution of a legal question turns on factual issues within the special province of an administrative agency, those mixed questions of law and fact are to be resolved based on the agency's fact finding."). Although we are not bound by an agency's interpretation of a statute or its determination of a strictly legal issue outside its charge, Allstars, 234 N.J. at 158, we give deference "to the interpretation of statutory language by the agency charged with the expertise and responsibility to administer the scheme." Acoli v. N.J. State Parole Bd., 224 N.J. 213, 229 (2016).

II.

We discern no error in the DOE's summary decision compelling the Board to renew Adeyin's contract because the undisputed facts establish that the Board did not comply with N.J.S.A. 18A:27-10.

The standard governing summary decisions in OAL proceedings is "substantially the same" as that governing a summary judgment motion. Donnerstag v. Koenig, 481 N.J. Super. 291, 299 (App. Div. 2025) (quoting Contini v. Bd. of Educ. of Newark, 286 N.J. Super. 106, 121 (App. Div. 1995)). Motions for summary decision under N.J.A.C. 1:1-12.5(b) should be granted where there is "no genuine issue as to any material fact challenged and . . . the

A-2227-24

moving party is entitled to prevail as a matter of law." Ibid. (quoting In re Robros Recycling Corp., 226 N.J. Super. 343, 350 (App. Div. 1988)).

Under N.J.S.A. 18A:27-10:

> On or before May 15 in each year, each nontenured teaching staff member continuously employed by a board of education since the preceding September 30 shall receive either
>
> a. A written offer of a contract for employment from the board of education for the next succeeding year providing for at least the same terms and conditions of employment but with such increases in salary as may be required by law or policies of the board of education, or
>
> b. A written notice from the chief school administrator that such employment will not be offered.
>
> [N.J.S.A. 18A:27-10.]

If a board of education fails to provide written notice of its decision not to renew an employee's contract by May 15, it "shall be deemed to have offered to that teaching staff member continued employment for the next succeeding school year upon the same terms and conditions but with such increases in salary as may be required by law or policies of the board of education." N.J.S.A. 18A:27-11.

Because there was a genuine dispute of material fact as to whether the Board complied with N.J.S.A. 18A:27-10, it argues summary decision was

improper. However, the Board does not dispute the factual predicate for the FAD, but rather the legal conclusion derived from those facts.

Whether the Board complied with N.J.S.A. 18A:27-10 is a question of law, not fact. See Patel, 200 N.J. at 420 (describing "an agency's construction of a statute" as a "strictly legal determination[]"). The DOE construed the statute to "specifically require[] the Board to notify a non-tenured teacher of its intent not [to] renew her employment contract in writing by May 15, 2024." The FAD determining the Board failed to comply with N.J.S.A. 18A:27-10 was predicated on the Board's verbal notice to Ayedin, which it did not dispute, retraction before the May 15 deadline, and the failure to provide additional notice directly to Adeyin.

Because the Board points to no disputed facts regarding its non-compliance with N.J.S.A. 18A:27-10, we discern no error in the DOE's disposition of Adeyin's appeal by summary decision.

### III.

We are unconvinced the FAD predicated on the ALJ's finding that the Board did not establish substantial compliance with N.J.S.A. 18A:27-10 was arbitrary, capricious or unreasonable.

A-2227-24

Substantial compliance is an equitable doctrine "utilized 'to avoid the harsh consequences that flow from technically inadequate actions that nonetheless meet a statute's underlying purpose.'" Cnty. of Hudson v. Dep't of Corr., 208 N.J. 1, 21 (2011) (quoting Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 352 (2001)). "To put it another way, substantial compliance means that the notice has been given in a way, which though technically defective, substantially satisfies the purposes for which notice[] . . . [is] required." Lebron v. Sanchez, 407 N.J. Super. 204, 216 (App. Div. 2009) (quoting Lameiro v. W.N.Y. Bd. of Educ., 136 N.J. Super. 585, 588 (Law. Div. 1975)). To prove substantial compliance, the defaulting party must show:

> (1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim[;] and (5) a reasonable explanation why there was not a strict compliance with the statute.
>
> [H.C. Equities, LP v. Cnty. of Union, 247 N.J. 366, 386 (2021) (quoting Galik, 167 N.J. at 353).]

We discern no error with the DOE's finding that the Board failed to show a lack of prejudice to Adeyin. We are unpersuaded by the Board's contention that, as of May 7, Adeyin "had ample information and opportunity to make decisions regarding her future and/or alternative employment." The record

10

establishes Adeyin reasonably relied on the retraction of the May 7 verbal notice of non-renewal and lack of direct written notice to her, when she accepted the Board's de facto renewal of her contract after the May 15 statutory deadline. Adeyin suffered prejudice by an inability to seek alternative employment, having justifiably determined that her contract renewed by operation of law. See N.J.S.A. 18A:27-11 (establishing that, should a board of education fail to give timely notice in writing, it will be deemed to have offered continued employment).

We reject the Board's belated argument, not raised to the ALJ or to the DOE, that it provided reasonable notice to Ayedin of its decision not to renew her employment contract by disseminating the May 15 list of employees whose contracts were renewed which omitted Ayedin's name. The Board contends the "reappointment list" provided Ayedin with reasonable notice of its decision not to renew her contract because her name was not on the list of contract renewals. In addition to the failure to present the issue to the ALJ or DOE, the Board failed to include a copy of the May 15 contract renewal list on appeal. Thus, we are deprived of the ability to evaluate the Board's argument.

We are unconvinced that the Board demonstrated its actions were consistent with the purpose of N.J.S.A. 18A:27-10. The DOE considered the

11

purpose of N.J.S.A. 18A:27-10 to afford nontenured teachers facing nonrenewal the time to "make an informed decision regarding future employment." We defer "to the interpretation of statutory language by the agency charged with the expertise and responsibility to administer the scheme." Acoli, 224 N.J. at 229. In accordance with our de novo review, the statute expressly prescribes May 15 as the deadline to advise the employee of non-renewal. Thus, we conclude belated notice fails to provide the employee with sufficient time to make an informed decision. See N.J.S.A. 18A:27-11 (creating a remedy for a board's failure to provide notice "within the time and in the manner" established by N.J.S.A. 18A:27-10).

Finally, the Board has failed to provide any reasonable explanation regarding its failure to strictly comply with the statute. Thus, we discern no error with the DOE's finding that "there [were] no facts asserted by the Board to substantiate a reasonable explanation." We are satisfied there is adequate support in the record for the FAD predicated on the DOE's finding that the Board did not substantially comply with N.J.S.A. 18A:27-10.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division